Kathleen Maylin (State Bar No. 155371)
Lori Regler (State Bar No. 206390)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA  94105
Telephone     415.394.9400
Facsimile:     415.394.9401

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM McDONALD,<br><br>                    Plaintiff,<br><br>        v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>                    Defendant. | Case No. C 07 4249 PJH<br><br>**DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**Fed. R. Civ. Proc. 12(b)(6)**<br><br>Date:     October 31, 2007<br>Time:     9:00 a.m.<br>Courtroom 3, 17th Floor<br>Judge:   Hon. Phyllis Hamilton |

**PLEASE TAKE NOTICE** that on October 31, 2007, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 of the above-entitled court, located at 450 Golden Gate Avenue, 17th Floor, in San Francisco, California 94102, Defendant San Francisco Unified School District ("Defendant") will, and hereby does move, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing and striking Plaintiff Adam McDonald's ("Plaintiff") Complaint as follows:

1

1.   Plaintiff's Complaint Must Be Dismissed Because He Did Not Timely File His Complaint Within the 90-Day Limitations Period

2.   Plaintiff's Complaint Must Be Dismissed Because He Fails to State a Claim Upon Which Relief Can Be Granted.

3.   To the Extent Plaintiff Alleges Non-Statutory Law Claims, He Failed to Comply with the California Tort Claims Act and thus is Barred from Bringing Such Claims

4.   To the Extent Plaintiff Alleges Breach of his Labor Contract, He Failed to Exhaust his Administrative Remedies and thus is Barred from Bringing Such Claims

5.   Plaintiff's Complaint Should be Dismissed to the Extent Claims Outside of the EEOC Charge are Included Because He Failed to Exhaust His Administrative Remedies

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, Plaintiff's Complaint and attached exhibits, any evidence judicially noticed, or any matter in the Court's record or file which may be properly considered by the Court.

Dated: September 17, 2007

Respectfully submitted,

JACKSON LEWIS LLP

By:     _____
        Kathleen Maylin
        Lori J. Regler
        Attorneys for Defendant
        SAN FRANCISCO UNIFIED
        SCHOOL DISTRICT

2

DEFENDANT'S NOTICE OF MOTION AND MOTION TO
DISMISS PLAINTIFF'S COMPLAINT

Case No. C074249 PJH

# Table of Contents

Page

TABLE OF AUTHORITIES ...................................................................................................... ii

I.    INTRODUCTION ............................................................................................................ 1

II.   FACTUAL ALLEGATIONS ........................................................................................... 2

    A.   Plaintiff's Employment With SFUSD ................................................................... 2

    B.   Plaintiff's EEOC Charge ....................................................................................... 2

    C.   The EEOC's Right-to-Sue Notice......................................................................... 2

    D.   Legal Counsel Advised Plaintiff as to the Last Day to File His Complaint ........... 2

    E.   Plaintiff's Civil Complaint .................................................................................... 3

III.  ARGUMENT.................................................................................................................... 3

    A.   Legal Standard on Motion to Dismiss ................................................................... 3

    B.   Plaintiff's Complaint Must Be Dismissed Because He Did Not Timely File His Complaint Within the 90-Day Limitations Period ............................................ 4

    C.   The Doctrine of Equitable Tolling Does Not Excuse Plaintiff's Time-Barred Action.................................................................................................... 6

        1.   No Fortuitous Circumstances Justify Tolling the 90-Day Statute of Limitation................................................................................................. 6

        2.   Plaintiff's Allegation He Received the Right-to-Sue Notice on May 22, 2007 Cannot Support Excusable Delay .................................. 6

    D.   Plaintiff's Complaint Must Be Dismissed He Fails to State A Claim Upon Which Relief Can Be Granted. ........................................................................... 8

        1.   Plaintiff Fails to State a Cognizable Claim of any Title VII Violation ................................................................................................. 8

        2.   Plaintiff Fails to State a Cognizable Claim of Any Violation .................... 9

        3.   To the Extent Plaintiff Alleges Breach of his Labor Contract, He Failed to Exhaust his Administrative Remedies and thus is Barred from Bringing Such Claims ................................................................. 10

    E.   Plaintiff's Complaint Should be Dismissed to the Extent Claims Outside of the EEOC Charge are Included Because He Failed to Exhaust His Administrative Remedies............................................................................... 11

IV.   CONCLUSION.............................................................................................................. 12

i

# TABLE OF AUTHORITIES

**Pages**

**CASES**

B.K.B v. Maui Police Dept.
276 F.3d 1091 (9th Cir. 2002) ........................................................... 11

Baldwin County Welcome Ctr. v. Brown
466 U.S. 147 (1984)............................................................................ 5

Balistreri v. Pacifica Police Dept.
901 F2d 696 (9th Cir. 1990) ............................................................... 8

Bell Atl. Corp v. Twombly
127 S.Ct. 1955 (2007)......................................................................... 8

Conley v. Gibson
355 U.S. 41 (1957).............................................................................. 8

Del Real v. City of Riverside
95 Cal.App.4th 761, 115 Cal.Rptr.2d 705 (Cal. Ct. App. 2002) ........... 10

EEOC v. Farmer Bros. Co.
31 F.3d 891 (9th Cir. 1994) .............................................................. 11

Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.
209 F.3d 552 (6th Cir. 2000) ............................................................. 5

Harvey v. City of New Bern Police Dep't.
813 F.2d 652 (4th Cir. 1987) .............................................................. 7

Holderby v. International Union of Operating Engineers
45 Cal.2d 843, 846, 291 P.2d. 463 (1995)........................................... 11

Jablon v. Dean Witter & Co.
614 F2d. 677 (9th Cir. 1980) .............................................................. 4

Karim-Panahi v. Los Angeles Police Dep't.
839 F.2d 621 (9th Cir. 1998) ............................................................ 10

Lee v. City of Los Angeles
250 F.3d 668 (9th Cir. 2001) ......................................................... 4, 7

Lopez v. Civil Service Commission
232 Cal.App.3d 307, 283 Cal.Rptr. 447 (Cal. Ct. App. 1991) .............. 10

Mannin v. Skywest Airlines
946 F.Supp. 767 (C.D. Cal. 1996) ...................................................... 4

McGlinchy v. Shell Chem. Co.
845 F.2d 802 (9th Cir. 1988) ......................................................... 4, 7

ii

Neitzke v. Williams
    490 U.S. 319 (1989)................................................................................ 3

Nelmida v. Shelly Eurocars, Inc.
    112 F.3d 380 (9th Cir. 1997) ................................................................. 5

Palmer v. Regents of Univ. of Calif.
    107 Cal.App.4th 8996, 132 Cal.Rptr.2d 567 (Cal. Ct. App. 2003) ........................ 11

Peters v. Renaissance Hotel Operating Co.
    307 F.3d 535 (7th Cir. 2003) ................................................................. 11

Scholar v. Pacific Bell
    963 F.2d 264(9th Cir.1992) ................................................................ 4, 6, 7

Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.
    49 Cal.App.4th 472. 56 Cal. Rptr. 2d 756, 763 (Cal. Ct. App. 1996) .................. 4, 7

United Air Lines, Inc. v. Evans
    431 U.S. 553 (1977)............................................................................... 11

Western Mining Council v. Watt
    643 F.2d 618 (9th Cir. 1981) ................................................................. 4, 7

Williams v. Housing Authority of Los Angeles
    121 Cal.App.4th 708, 17 Cal. Rptr.3d 374 (Cal. Ct. App. 2004) ....................... 11

Zipes v. Trans World Airlines, Inc.
    455 U.S. 385 (1982)................................................................................ 4

**STATUTES**

42 U.S.C. § 2000e-5(f)(1)....................................................................... 4, 11

42 U.S.C. §2000e-5(f)(1)............................................................................ 5

42 U.S.C. §2000e-5(f)(1)............................................................................ 4

California Government Code §§905................................................................. 10

**RULES**

Federal Rule of Civil Procedure Rule 6(e) ......................................................... 5

Federal Rule of Civil Procedure Rule 12(b)(6) ............................................. 1,2,3,4

## **MEMORANDUM OF POINTS AND AUTHORITIES**

### I.    **INTRODUCTION**

Plaintiff Adam McDonald ("Plaintiff") was a probationary teacher employed by Defendant San Francisco Unified School District ("District").  As occurs occasionally, the District did not re-employ Plaintiff after the two year mark, which would have made him a tenured teacher.  Plaintiff responded by filing a discrimination complaint with the EEOC.

Despite being issued a 90-day Right-to-Sue Notice on May 16, 2007, Plaintiff did not bring a civil action against the District until August 20, 2007 – 96 days later.

Based on the date on the Notice (May 16, 2007), Plaintiff should have filed his civil action by August 14, 2007.  Under the presumption imposed by the Ninth Circuit Court of Appeal that a right-to-sue notice will be deemed received three days after it was mailed, Plaintiff should have filed his civil action by August 17, 2007.  See *Payan v. Aramark Mgmt.Servs. Limited Partnership*, No. 05-15978, 2007 U.S. App. Lexis 18340 (9th Cir., Aug. 2, 2007).

Plaintiff complied with neither date.  Instead, Plaintiff alleges he did not receive the Right-to-Sue Notice until May 22, 2007, although his uncorroborated and self-serving statement is directly contradicted by information contained in two letters from attorneys he consulted with, which Plaintiff provides as attachments to his Complaint.  Both attorneys counsel Plaintiff to file the complaint sooner than he did, or be time-barred.

Plaintiff's Complaint suffers from other serious defects.  He fails to state any claim upon which relief could be granted under Title VII or any other law; he failed to comply with the California Tort Claims Act, a prerequisite to suing a public entity that effectively bars his non-statutory claims; he failed to exhaust his administrative remedies provided by the internal policies and procedures of the labor contract with the District; and he failed to exhaust his administrative remedies under Title VII.

/ / /

/ / /

1

## II.    FACTUAL ALLEGATIONS

### A.    Plaintiff's Employment With SFUSD

Plaintiff was employed by the District as an art teacher beginning in August, 2005.  See Charge of Discrimination Attached to Complaint.  A theft occurred in Plaintiff's classroom on November 14, 2006 and Plaintiff subsequently refused to cooperate with the Assistant Principal in identifying students who may have been in Plaintiff's classroom at the time.  *Id.*  Plaintiff never returned to work following the incident.  *Id.*

### B.    Plaintiff's EEOC Charge

Plaintiff filed a Charge of Discrimination with the EEOC related to the events of November 14, 2006 alleging he was discriminated against on the basis of his race, sex, and religion.  The EEOC received the Charge on April 18, 2007.  See Charge of Discrimination Attached to Complaint.

### C.    The EEOC's Right-to-Sue Notice

The EEOC issued Plaintiff a Right-to-Sue Notice dated May 16, 2007.  See Right-to Sue Notice Attached to Complaint.  The Notice advised Plaintiff that any lawsuit "**must be filed WITHIN 90 DAYS**" of Plaintiff's receipt of the Notice.  *Id.*  (Emphasis in original.)

An attachment to the Notice also advised Plaintiff that "in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later." See Attachment to Right-to-Sue Notice Attached to Complaint.  (Emphasis in original.)

### D.    Legal Counsel Advised Plaintiff as to the Last Day to File His Complaint

Plaintiff consulted at least two different attorneys.  See Correspondence from Counsel Attached to Complaint.  Each separately advised Plaintiff in writing of the statutory deadline to file his civil action.

One attorney advised Plaintiff that "based on the notice from the EEOC, if you wish to pursue the federal claims . . . you have to file a suit in federal court . . . by August 14, 2007." See

2

1    Letter from John G. Appel, Jr. Attached to Plaintiff's Complaint. Another attorney advised

2    Plaintiff that "[b]ased on <u>your statement</u> that you received the letter from the EEOC on May 21,

3    2007, the ninety day deadline will lapse on August 19, as we discussed." See Letter from Steven

4    Kaiser Attached to Plaintiff's Complaint. (Emphasis added.)

5            **E.**    **Plaintiff's Civil Complaint**

6       Plaintiff filed a form complaint in U.S. District Court on August 20, 2007, six days after

7    the date the EEOC and one attorney told him was the last day to file, and one day after the date

8    the second attorney told him was the last day to file. He alleged that the District's conduct was

9    discriminatory on the basis of race or color, religion, sex and "social and economic background."

10    See Complaint, p. 1. He claimed that he suffered:

11
        "required mandatory participation in an act of discrimination, stolen properties,
12         psychological abuse, sexual harassment, violation of personal privacy, withdraw [sic] of
        funds from personal checking, conspiracy, child abuse (in process of harassment),
13         violations of the contract in their handlings of my reports." *Id.*, p. 2.

14       Plaintiff noted in his Complaint that he attached "documents relevant to the action as facts

15    supporting [his] claims." *Id.* Plaintiff attached 20 unnumbered pages of documents to the

16    Complaint. Without any evidentiary support and in contradiction to evidence in one of the

17    attorney's letters that Plaintiff told him he received the Right-to-Sue letter earlier, he nonetheless

18    alleges he received his Right-to-Sue Notice on May 22, 2007. *Id.*

19       Nowhere in the Complaint is it alleged or set out that Plaintiff filed a timely (or otherwise)

20    Tort Claim with the District under the California Tort Claim Act.

21    **III.**    **ARGUMENT**

22         **A.**    **Legal Standard on Motion to Dismiss**

23       Pursuant to the Federal Rules of Civil Procedure, a Rule 12(b)(6) motion to dismiss tests

24    the legal sufficiency of the claim stated in the complaint. See, e.g., *Neitzke v. Williams*, 490 U.S.

25    319 (1989). Rule 12(b)(6) provides, in pertinent part: "Every defense, in law or fact, to a claim . .

26    ., shall be asserted in the responsive pleading thereto if one is required, except that the following

27    defenses may at the option of the pleader be made by motion: . . . (6) Failure to state a claim upon

28                             3

1   which relief can be granted ...." Fed. R. Civ. P. 12(b)(6).

2       A motion to dismiss under FRCP 12(b)(6) shall be granted "where the plaintiff fails to

3   state a claim upon which relief can be granted." *Mannin v. Skywest Airlines*, 946 F.Supp. 767,

4   768 (C.D. Cal. 1996). Although a court must accept all well-pleaded facts as true when

5   considering a 12(b)(6) motion, "conclusory allegations without more are insufficient to defeat a

6   motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810

7   (9th Cir. 1988). The court need not "assume the truth of legal conclusions merely because they

8   are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624

9   (9th Cir. 1981).

10      In addition, on a motion to dismiss, a court may consider facts outside of the complaint

11  where the material is either attached to the complaint or where the complaint relies on external

12  documents whose authenticity is not in dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89

13  (9th Cir. 2001). The exhibits attached to a complaint trump contradictory allegations in the

14  complaint: "allegations in a complaint must yield to contrary facts found in exhibits to the

15  complaint." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472,

16  484, 56 Cal. Rptr. 2d 756, 763 (Cal. Ct. App. 1996).

17      **B.     Plaintiff's Complaint Must Be Dismissed Because He Did Not Timely File His
18             Complaint Within the 90-Day Limitations Period**

19      A Rule 12(b)(6) dismissal is proper where it is apparent on the face of the complaint that

20  the claim is barred by the statute of limitations. *Jablon v. Dean Witter & Co.*, 614 F2d 677, 682

21  (9th Cir. 1980).

22      Before a claimant can file a Title VII civil action, he must file a timely charge of

23  discrimination with the EEOC.  See *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393

24  (1982); 42 U.S.C. §2000e-5(f)(1).  If the EEOC dismisses the charge, the claimant has 90 days to

25  file a civil action. 42 U.S.C. § 2000e-5(f)(1).  This 90-period constitutes a statute of limitations.

26  *Scholar v. Pacific Bell*, 963 F.2d 264, 267 (9th Cir. 1992).  Therefore, if a claimant fails to file the

27  civil action within the 90-day period, then any subsequent action is time barred. *Ibid.*

28

1    The 90-day period runs from the date notice is given  42 U.S.C. §2000e-5(f)(1).   The

2    Ninth Circuit has held that notice is "given" on the date the EEOC delivers the notice, not on the

3    date the claimant actually receives it.  *Scholar, supra,* 963 F.2d, at 267-268.; *Nelmida v. Shelly*

4    *Eurocars, Inc.,* 112 F.3d 380, 384 (9th Cir. 1997).

5    Notices provided by a government agency are presumed to have been mailed on the date

6    shown on the notice. See *Payan, supra,* Lexis 18340 at 8-9.  But the date of receipt may be

7    uniquely within the plaintiff's knowledge, and hence federal courts have adopted a presumption

8    of actual delivery within a certain period of time after mailing.  *Baldwin County Welcome Ctr. v.*

9    *Brown,* 466 U.S. 147, 148 (1984) (three days); *Graham-Humphreys v. Memphis Brooks Museum*

10   *of Art, Inc.* 209 F.3d 552, 557-558 (6th Cir. 2000).

11   In *Payan*, the Ninth Circuit Court of Appeals recently reiterated that the three-day rule

12   should be followed.  In that case, the claimant admitted she had received the right-to-sue letter but

13   claimed she did not know when she had received it.  *Payan, supra,* Lexis 18340 at 2.   The Court

14   upheld the District Court's grant of summary judgment in favor the employer, holding that that in

15   the absence of evidence of actual receipt of a right-to-sue notice, the Court will apply a three-day

16   mailing presumption to determine notice of the right-to-sue letter.  *Ibid.*

17   The Ninth Circuit noted that the three-day presumption accords with Federal Rule of Civil

18   Procedure Rule 6(e), which provides that whenever a party "must or may act within a prescribed

19   period after service" and service is made by mail, three days are added after the prescribed period

20   would otherwise expire.  *Id.* at 16-17.

21   Here, Plaintiff was given notice of his right to sue on May 16, 2007.  See Right-to-Sue

22   Notice Attached to Complaint.  He alleges (without support) in his form complaint, however, that

23   he received it on May 22, 2007, yet other attachments to his Complaint establishes he received

24   the Notice, at the latest, on May 21.   Regardless of Plaintiff's date of receipt, he was dilatory in

25   waiting more than 90 days from the date of the notice to file his action against the District.

26   Consistent with the above cases and the plain language of 42 U.S.C. §2000e-5(f)(1), Plaintiff's

27   complaint was filed on August 20, 2007 – 96 days after the issuance of the Right-to-Sue Notice,

28

5

1   and 93 days after Plaintiff was presumed to have received the notice under *Payan*.  Accordingly,

2   Plaintiff's action against the District is time-barred and must be dismissed.

3       **C.**    <u>**The Doctrine of Equitable Tolling Does Not Excuse Plaintiff's Time-Barred**</u>
    <u>**Action**</u>

4           1.    <u>No Fortuitous Circumstances Justify Tolling the 90-Day Statute of</u>

5               <u>Limitation</u>

6        As stated above, Plaintiff's action is untimely and barred by the 90-day statute of

7   limitation and should be dismissed.  However, the doctrine of equitable tolling may apply if

8   Plaintiff can show that fortuitous circumstances beyond his control prevented him from learning

9   of his right to sue and he could not have filed his lawsuit in the time remaining.  For example,

10  equitable tolling is allowed where the pleadings are defective, "when a claimant was tricked by an

11  adversary into letting a deadline expire, and when the EEOC's notice of the statutory period was

12  clearly inadequate."  *Scholar*, *supra*, 963 F.2d at 268.  Nevertheless, courts are "generally

13  unforgiving . . . when a late filing is due to claimant's failure to exercise due diligence in

14  preserving his [or her] legal rights."  *Id.* (citation omitted).

15       No fortuitous circumstances are present in this case to allow Plaintiff to file an untimely

16  action.  The District did not file a defective pleading against Plaintiff.  Neither the EEOC nor the

17  District engaged in any conduct to mislead the Plaintiff regarding the 90-day statute of limitation

18  period.  Moreover, the EEOC's right-to-sue notice explicitly states Plaintiff <u>must</u> file an action

19  against the District within 90 days.  Plaintiff simply did not timely file an action against the

20  District within the prescribed limitation period and no fortuitous circumstances beyond his

21  control are alleged to justify tolling the statute.

22          2.    <u>Plaintiff's Allegation He Received the Right-to-Sue Notice on May 22,</u>
    <u>2007 Cannot Support Excusable Delay</u>

23

24       Plaintiff alleges in his complaint that he received notice of the EEOC's Right-to-Sue

25  Notice on "5/22/07" even though attachments to the complaint state the notice was issued on May

26  16, 2007 or, at the latest, May 21, 2007.  First, Plaintiff's unsupported allegation is refuted by his

27  own exhibits to the Complaint, and even assuming *arguendo* that Plaintiff did not learn of the

28                          6

1    EEOC's Right-to-Sue Notice until May 22, he had ample time to file an action within the

2    remaining time.

3         As to the contradictory information, the court should give more weight to the information

4    contained in Plaintiff's exhibits to the Complaint. "[C]onclusory allegations without more are

5    insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem.*

6    *Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The court need not "assume the truth of legal conclusions

7    merely because they are in the form of factual allegations." *Western Mining Council v. Watt*, 643

8    F.2d 618, 624 (9th Cir. 1981). The court may (and should, in these circumstances) consider facts

9    outside of the complaint where the material is either attached to the complaint or where the

10   complaint relies on external documents whose authenticity is not in dispute. *Lee v. City of Los*

11   *Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001). The exhibits attached to a complaint trump

12   contradictory allegations in the complaint: "allegations in a complaint must yield to contrary facts

13   found in exhibits to the complaint." *Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,

14   49 Cal.App.4th 472, 484 (1996). Given these authorities, the court has ample information to

15   conclude Plaintiff received the Right-to-Sue Notice no later than May 21, 2007.

16        Even if Plaintiff received the Right-to-Sue Notice when he alleges, and not when the

17   evidence in his Complaint establishes, his civil action remains time-barred. As relied upon by the

18   Ninth Circuit in *Scholar*, in *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir.

19   1987), the claimant "knew of the right to sue letter within six days of its arrival and this left him

20   eighty-four days to file his complaint. There has been no showing that this was not sufficient

21   time within which to act." In *Scholar*, even if the plaintiff did not read the Right-to-Sue Notice

22   when it issued to her, she "*still had 76-83 days in which to preserve her legal rights*; Ms. Scholar

23   offers no explanation for why this action was not sufficient time in which to commence her

24   action." *Scholar*, *supra*, 963 F.2d at 268 (emphasis added).

25        Here, Plaintiff likely received the notice close in time to the notice date, but even if he

26   received the right-to-sue notice on May 22 instead of May 16, Plaintiff still had months to file his

27   complaint in a timely manner and it was incumbent on him to do so. Thus, the Court should

28                                           7

1   conclude that Plaintiff did not exercise reasonable diligence in filing his complaint against the

2   District within 90 days and dismiss Plaintiff's action.

3       **D.     Plaintiff's Complaint Must Be Dismissed He Fails to State A Claim Upon
                Which Relief Can Be Granted.**

4

5       A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal

6   theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v.*

7   *Pacifica Police Dept.*, 901 F2d 696, 699 (9th Cir. 1990).

8               1.     Plaintiff Fails to State a Cognizable Claim of any Title VII Violation

9       Even though a complaint in federal court must include only "a short and plain statement of

10  the claim showing that the pleader is entitled to relief", it must give the defendant "fair notice of

11  what the plaintiff's claim is and the grounds upon which it rests." *Conley* v. *Gibson,* 355 U.S. 41,

12  47 (1957) (overruled on other grounds in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007).

13      In this case, Plaintiff alleges he was subjected to discrimination on the basis of his race or

14  color, religion, sex, and "social and economic background."  He includes an attachment to his

15  Complaint which likely is intended to detail the nature of his claims.  See Hand-Written Letter to

16  EEOC dated June 19, 2007 Attached to Complaint.

17      With respect to his race discrimination claim, Plaintiff does not state that he suffered any

18  adverse employment action on the basis of his race.  Nor does Plaintiff ever state exactly which

19  race he belongs to.  He merely states that he speaks Spanish.  He mentions that he prefers to look

20  people in the eyes when speaking with them and that perhaps the Asian principal he worked with

21  took this "as disrespect, intimidation, and a challenge to his authority and age."  Other than these

22  vague and unintelligible references, the basis of Plaintiff's race claim is wholly unclear.

23      Plaintiff's claim involving religious discrimination similarly is unclear.  He states that he

24  "inspired students to their life dreams" and he somehow "made people look smaller and less

25  qualified" and asks the court see his "masters thesis" for insight into his "theological

26  understandings."  These claims have no nexus with religious discrimination and are ambiguous at

27  best as to how the statements connect to a cognizable claim.

28                                               8

1        Plaintiff basically admits that he has no sex discrimination claim, stating "I do not know if

2    you mean sexual harassment or discrimination based on gender. The event on November 9th

3    using the Latina students as 'decoys' I feel is sexual harassment, child abuse and intimidation."

4    Again, these claims are not related in any way to sex discrimination or sexual harassment directed

5    to Plaintiff.

6        Plaintiff also alleges he was discriminated against on the basis of his social and economic

7    status – although he fails to allege any specifics to support his claims. In any case, "social and

8    economic status" is not an enumerated class protected by Title VII.

9        In short, Plaintiff's Complaint and its attachments have not put the District on notice as to

10   the nature of Plaintiff's claims. He fails to allege on what bases he was discriminated against,

11   when the alleged discrimination took place, where the discrimination took place or the details of

12   what happened. The District cannot fairly respond to such vague and uncertain claims. As a

13   result, the Court should dismiss Plaintiff's claims.

14             2.    Plaintiff Fails to State a Cognizable Claim of Any Violation

15       Plaintiff's other claims equally are vague and ambiguous in terms of exactly what laws

16   were allegedly violated and exactly what Plaintiff is complaining about. For example, he claims

17   he was required to participate in an act of discrimination, but he does not define that act, state

18   when it occurred or who made him do it. He mentions "stolen properties," yet makes no mention

19   of what was stolen or when the theft occurred. He claims "psychological abuse," "violation of

20   personal privacy," withdrawal of funds from personal checking, conspiracy, child abuse and

21   "violations of the contract." However, Plaintiff makes no mention of who did these things to him,

22   when they occurred, where they occurred, or any details that would establish a viable claim.

23   Again, these allegations have not put the District on notice as to the nature of Plaintiff's claims

24   and the District cannot fairly respond. The Court should therefore dismiss Plaintiff's vague and

25   unintelligible claims.

26   / / /

27   / / /

28                             9

1    To the Extent Plaintiff Alleges Non-Statutory Claims, He Failed to Comply with the Tort

2    Claims Act and thus is Barred from Bringing Such Claims

3    Whenever a California public entity is blamed for causing a plaintiff's injury, the

4    California Tort Claims Act applies as to non-statutory claims. Under the Act, the presentation of

5    a timely claim for money or damages to the entity is a prerequisite to initiating a lawsuit. Cal

6    Govt. Code §§905, 910(a), 945.4. Specifically, Section 945.4 states that "no suit for money or

7    damages may be brought against a public entity on a cause of action for which a claim is required

8    to be presented . . . until a written claim therefor has been presented to the public entity," and has

9    been rejected in whole or in part.

10    Presentation of a timely claim is a mandatory prerequisite to maintaining a cause of action

11    against a public entity, and failure to file a claim is fatal to the claimant's cause of action. *See,*

12    *e.g., Del Real v. City of Riverside*, 95 Cal.App.4th 761, 767-68, 115 Cal.Rptr.2d 705, 709-710

13    (Cal. Ct. App. 2002). According to the Ninth Circuit, this state law requirement applies in federal

14    court. See *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1998).

15    Here, Plaintiff does not allege anywhere in the Complaint that he satisfied the presentation

16    requirement of the Tort Claims Act. Although Plaintiff's claims are unclear, he alleges

17    "psychological abuse," "child abuse," "violation of personal privacy" and "withdraw [sic] of funds

18    from personal checking" as part of his Complaint. To the extent he is trying to allege any non-

19    statutory claims against the District, Plaintiff's claims must be barred.

20            3.     To the Extent Plaintiff Alleges Breach of his Labor Contract, He Failed to
                  Exhaust his Administrative Remedies and thus is Barred from Bringing

21                      Such Claims

22    It is well settled under California law that litigants must first exhaust all available

23    administrative and contractual remedies before seeking redress in the courts. *Lopez v. Civil Service*

24    *Commission*, 232 Cal.App.3d 307, 311, 283 Cal.Rptr. 447 (Cal. Ct. App. 1991). "A failure to

25    exhaust administrative remedies is a fundamental defect" and deprives courts of the jurisdiction over

26    matters which could have been resolved through administrative proceedings. *Ibid.* A plaintiff who

27    seeks judicial relief from an organization of which he is a member must first invoke and exhaust the

28                                    10

remedies provided by that organization applicable to his grievance. *Holderby v. International Union of Operating Engineers*, 45 Cal.2d 843, 846, 291 P.2d. 463 (1995).

In the context of public employment, courts have uniformly favored exhaustion as a means to resolve employment disputes short of litigation. *Holderby, supra; Williams v. Housing Authority of Los Angeles*, 121 Cal.App.4[th] 708, 713, 17 Cal.Rptr.3d 374, 377 (Cal. Ct. App. 2004) (public employee's complaint for non-statutory claims dismissed for failure to utilize internal policies and procedures); *Palmer v. Regents of Univ. of Calif.*, 107 Cal.App.4[th] 899, 906, 132 Cal.Rptr.2d 567, 573 (Cal. Ct. App. 2003) (public employee's complaint for wrongful discharge barred where employee did not pursue university grievance procedures).

Here, although Plaintiff's allegations are unclear, he alleges "violations of the contract," "violation of personal privacy," "stolen properties" and "withdraw [sic] of funds from personal checking} as part of his Complaint. If Plaintiff is alleging that any internal policies, procedures or labor agreements with his employer were violated, he was required to pursue the remedies provided for under such policies, procedures or agreements, and exhaust those remedies before seeking redress from the court. Plaintiff does not allege he did so, and thus Plaintiff's claims should be barred.

**E.      Plaintiff's Complaint Should be Dismissed to the Extent Claims Outside of the EEOC Charge are Included Because He Failed to Exhaust His Administrative Remedies**

Title VII requires that a litigant file a charge and exhaust administrative remedies before brining a civil suit. Failure to do so bars the civil action. 42 U.S.C. § 2000e-5(f)(1); *B.K.B v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977).

Any subsequent Title VII lawsuit is limited to claims with the scope of the EEOC charge and the civil action must contain allegations "like and reasonably related to" the allegations of the EEOC charge. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). At a minimum, the EEOC charge and the complaint must describe the same conduct. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2003).

MEMO OF POINTS AND AUTHORITIES ISO OF DEFENDANT'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT                                              C-07-4249PJH

1    In this case, Plaintiff includes allegations in his complaint that are not contained in the

2   EEOC charge and are not "like or reasonably related to" the allegations in his EEOC charge.

3   Plaintiff claims in his EEOC charge that he was discriminated against on the basis of his race, sex

4   and religion, and that said discrimination took place on November 14, 2006.  However, in his

5   Complaint, Plaintiff alleges, among other things, that he was required to participate "in an act of

6   discrimination" and that he was sexually harassed.  These new categories of discrimination are

7   not included in his EEOC charge and it is not clear that they are in any way factually related to

8   the claims in the charge.  Thus, Plaintiff failed to exhaust his administrative remedies and the new

9   claims should be dismissed.

10  ## IV.    CONCLUSION

11    Based on the foregoing, the District respectfully requests that this Court dismiss with

12  prejudice Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of

13  Civil Procedure for failure to state claims upon which relief may be granted.

14  Dated:  September 17, 2007                    Respectfully submitted,

15                                               JACKSON LEWIS LLP

16

17                                               By:

18                                               Attorneys for Defendant
                                                 Kathleen Maylin
19                                               Lori J. Regler
                                                 SAN FRANCISCO UNIFIED
20                                               SCHOOL DISTRICT

21

22

23

24

25

26

27

28
                                               12

1

**CERTIFICATE OF SERVICE**

2    Case Name:    ADAM MCDONALD v. SAN FRANCISCO UNIFIED SCHOOL DISTRICT
     Case No.:    USDC-NORTHERN DISTRICT; CASE NO: 07 4249 PJH

3

4          I, Marianne Solano, declare that I am employed with the law firm of Jackson

5    Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I

6    am over the age of eighteen (18) years and am not a party to this action.

7          On September 17, 2007, I served the attached DEFENDANT SAN FRANCISCO

8    UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS

9    PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN

10   SUPPORT THEREOF in this action by placing [the original] [a true and correct copy] [true and

11   correct copies] thereof, enclosed in [a] sealed envelope(s) addressed as follows:

12
     Adam McDonald
13   1728 Ocean Avenue, #285
     San Francisco, Ca 94112
14

15   [ x ]    BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
              thereon fully prepaid, placed for collection and mailing on this date, following ordinary
16            business practices, in the United States mail at San Francisco, California.

17   [ ]      BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above
              address.
18

19   [ ]      BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
              address within 24 hours by overnight delivery service.
20

21   [  ]     BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax
              number (415) 394-9401 to the fax number indicated above (by written agreement,
22            confirming letter dated and signed MM/DD/YY).

23          I declare that I am employed in the office of a member of the bar of this Court at

24   whose direction the service was made.

25          Executed on September 17, 2007, at San Francisco, California.

26

27                                              _____
                                                         Marianne Solano
28

H:\S\SAN FRANCISCO UNIFIED SCHOOL DISTRICT\MCDONALD [115355]\CERTIFICATE OF SERVICE\FEDERAL POS.DOC

CERTIFICATE OF SERVICE                                          Case No. C 07 4249 PJH
C