UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADAM MCDONALD,

    Plaintiff,

v.

SAN FRANCISCO UNIFIED SCHOOL DISTRICT,

    Defendant.
_____/

No. C 07-4249 PJH

**ORDER GRANTING MOTION TO DISMISS**

Before the court is the motion of defendant San Francisco Unified School District ("SFUSD") for an order dismissing the complaint in the above-entitled action for failure to state a claim. Having reviewed the papers submitted by the parties and the relevant legal authority, and good cause appearing, the court hereby GRANTS the motion as follows.

**BACKGROUND**

This is a case brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, et seq. ("Title VII"), alleging discrimination in employment on the basis of race, religion, sex, and "social and economic background."

Pro-se plaintiff Adam McDonald was employed as an art teacher at Abraham Lincoln High School starting in August 2005. A theft occurred in plaintiff's classroom on November 14, 2006, and plaintiff was issued a letter of reprimand by the school on November 15, 2006, because he failed to cooperate with the administration in connection with the investigation.

Plaintiff apparently did not return to school after November 15, 2006. On March 1, 2007, plaintiff was advised that he would not be re-hired for the 2007-2008 school year. Plaintiff filed an administrative charge with the Equal Employment Opportunity Commission ("EEOC") on April 18, 2007. In the administrative charge, plaintiff states that the alleged discrimination took place on November 14, 2006. His description of the facts is as follows, in its entirety:

> I was employed with Respondent as an Art Teacher since August 2005. My supervisor was Ron Pang [Principal] and Kristen Cacal, Assistant Principal.
>
> On November 14, 2006, Cacal asked me to identify students who were not on the roster, but, who were in my classroom when a theft was reported. I refused to provide the names.
>
> My last day of work was November 14, 2006. I did not return to work after that incident.
>
> I believe I have been discriminated against because of my gender, Male, race (did not identify) and religion (spiritual), in violation of the Statute.

The EEOC forwarded plaintiff's complaint to the California Department of Fair Employment and Housing ("DFEH"), who issued him a notice of right to sue on April 19, 2007. The EEOC issued a notice of right to sue on May 16, 2007.

Plaintiff filed the present action on August 20, 2007. In the complaint, plaintiff asserts that the alleged discrimination took place from "9/2006 – present." As "acts complained of" he alleges the following, in its entirety:

> required mandatory participation in an act of discrimination, stolen properties, psychological abuse, sexual harassment, violation of personal privacy, withdraw of funds from personal checking, conspiracy, child abuse (in process of harassment), violations of the contract in their handling of my reports.

Plaintiff also filed a voluminous document entitled "Facts Surrounding Claim" at the time he filed the complaint.[1] This submission, which appears to exceed 125 pages,

---

[1] The "original filed" date on the copy of the "Facts Surrounding Claim" submitted by plaintiff is August 16, 2007, while the file-stamp date on the complaint and the order setting the initial case management conference is August 20, 2007. The docket shows that the complaint was filed on August 20, 2007, and that "exhibits" were also filed by plaintiff on August 20, 2007. Thus, it is not possible that the "Facts Surrounding Claim" could have been filed before August 20, 2007.

2

consists largely of photocopies of hand-written documents, and also includes a number of miscellaneous letters and memoranda. The documents are not indexed or organized in any way that is apparent to the court, and plaintiff provides no explanation as to what "facts" he believes are contained in this submission.

SFUSD now moves to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. SFUSD argues that plaintiff failed to file the complaint within the 90-day limitations period; that the complaint fails to state a claim under Title VII; that any state law tort claims that plaintiff intends to assert must be dismissed because plaintiff did not submit a claim under the California Tort Claims Act, California Government Code §§ 810, et seq.; that to the extent that plaintiff intends to allege breach of labor contract, he failed to exhaust his administrative remedies; and that any discrimination claims that are outside the Title VII administrative charge should be dismissed for failure to exhaust administrative remedies.

Plaintiff filed no substantive opposition to the motion. Instead, on October 19, 2007, nine days after the opposition was due, he filed a "motion to outline compensation," in which he asserts that he is entitled to damages in the amount of $30,000,000 for his Title VII claims.

**DISCUSSION**

A.   Legal Standard

A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Review is limited to the contents of the complaint. Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995). To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8. Rule 8(a)(2) requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Specific facts are unnecessary – the statement need only give the defendant "fair

notice of the claim and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)). All allegations of material fact are taken as true. Erickson, 127 S.Ct. at 2200. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id. at 1965. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See id. at 1966-67.

B.   Defendant's Motion

    1.   Whether the claim is time-barred.

SFUSD argues that the complaint must be dismissed because plaintiff failed to file the complaint within 90 days of the "giving of the notice," as required under 42 U.S.C. § 2000e-5(f)(1).

In Payan v. Aramark Mgmt. Servs. Limited Partnership, 495 F.3d 1119 (9th Cir. 2007), the Ninth Circuit held that the issuance date of an EEOC right-to-sue notice is presumed to be the date of mailing. Id. at 1123. Here, the EEOC right-to-sue notice is dated May 16, 2007, and also states "Date Mailed – 5/16/07." In addition, the date of receipt of the notice is presumed to be three days after the date of mailing. Id. at 1125. Thus, the date of receipt in this case is presumed to be May 19, 2007.

Plaintiff alleges in the complaint that he received the right-to-sue notice on May 22, 2007. SFUSD notes, however, that other attachments to the complaint indicate that he received the notice, at the latest, on May 21, 2007. The complaint was filed on August 20, 2007, or 93 days after May 19, 2007, the date plaintiff is presumed to have received the notice. SFUSD argues that the claim is therefore time-barred.

The court finds that the motion must be GRANTED. If plaintiff wishes to amend the complaint, the court will first permit plaintiff to attempt to establish that he did not receive the right-to-sue notice by May 19, 2007.

4

The presumption that a plaintiff received a right-to-sue notice by the date presumed under the three-day rule "is a rebuttable one." Id. at 1126. In order to rebut the mailing presumption, the plaintiff must show that he "did not receive the EEOC's right-to-sue letter in the ordinary course." Id. The plaintiff must do this by providing sworn testimony or other competent evidence from which it can reasonably be inferred that the letter took longer than three days to reach him by mail. Id. (citing Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 526 (2d Cir. 1996)).

The complaint as presently written contains only "unsupported conjectures," not acceptable as evidence of receipt of the right-to-sue notice. See id. at 1127 (noting that the plaintiff had suggested that the right-to-sue letter "could have been delayed" and that she had "gotten mail that'[d] been delayed before . . . [s]ometimes about a week," but finding such comments to be "[in]sufficiently definite, without corroborating evidence, to conclude that the right-to-sue letter arrived no more than three days after issuance by the EEOC").

Accordingly, plaintiff must provide competent evidence supporting his claim as to the date of receipt of the notice. The primary way of providing evidence to the court is by filing a declaration. A declaration is a written statement signed under penalty of perjury by a person who has personal knowledge that what he or she states in the declaration is true. Declarations must contain only facts, and may not contain law or argument. Nor may declarations contain statements made by persons other than the person making the declaration. That is, the declarant may not report as fact something that another person reported as fact, but which the declarant does not personally know to be true.

In this case, plaintiff must provide a declaration describing in detail the circumstances under which he received the right-to-sue notice. For example, he must state how he received the notice – whether the letter was placed in his mailbox, or he received it some other way – and the date he received it. He must state whether he knows the date the letter arrived at his building, and if so, what that date was. He must state whether each residential unit in his building has its own mailbox, and if so, whether he checks his mailbox every day. In addition, he should state any other facts that he has which bear on the issue.

If some other individual has personal knowledge of the factual circumstances regarding plaintiff's receipt of the notice, plaintiff should endeavor to obtain a written declaration under penalty of perjury from that individual as well.

The first page of the declaration should contain the caption of the case, and include, under the case number, the name of the document – for example, "Declaration of Adam McDonald in Support of Plaintiff's Opposition to Defendant's Motion to Dismiss." The declaration should consist of a series of numbered paragraphs, with each paragraph containing a different fact. At the end of the declaration, the following statement must appear: "I declare under penalty of perjury that the foregoing is true and correct." The declaration should then be signed by the person whose statements it contains, and should also be dated with the date it was signed. Plaintiff must also serve defendant's counsel with a copy of the declaration or declarations.

The declaration must be filed no later than November 7, 2007. If plaintiff does provide such evidence by the stated deadline, SFUSD may respond with argument not to exceed five pages, and evidence of its own if it so elects, no later than November 14, 2007.

2.       Whether the complaint states a Title VII violation

SFUSD argues that the complaint fails to state a cognizable claim of any Title VII violation.

In addition to his administrative charge and the EEOC and DFEH notices of right to sue, plaintiff also attaches to the complaint what appears to be a copy of a letter addressed to the EEOC, dated June 19, 2007 (almost a month after the right-to-sue notice was issued). As the administrative charge and complaint are essentially devoid of facts supporting plaintiff's claims, SFUSD discusses the June 19th letter and whether it provides a basis for a Title VII action.

SFUSD asserts that plaintiff does not allege any facts showing that he suffered an adverse employment action because of race, and does not even state what race he is – just that he speaks Spanish because two people he calls grandparents, who helped raise him, were Spanish-speakers. He also states that he prefers looking at people in the eyes

when he speaks to them, and speculates that the Asian principal of Lincoln High School perhaps felt threatened by plaintiff's direct look.

SFUSD also contends that plaintiff does not allege any facts showing discrimination on the basis of religion. He states that he "inspired students to their life dreams" and that he "made people look smaller and less qualified." He also asks the EEOC to look at his "masters thesis" for insight into his "theological understandings." SFUSD argues that these assertions have no nexus with religious discrimination, and that they are ambiguous at best as to how they might connect to a cognizable claim.

SFUSD asserts that plaintiff essentially admits he has no sex discrimination claim, as he states in the letter, "I do not know if you mean sexual harassment or discrimination based on gender. The event on November 9th using the Latina students as 'decoys' I feel is sexual harassment, child abuse, and intimidation." SFUSD contends that these allegations are not related in any way to a claim of sex discrimination or sexual harassment directed at plaintiff.

SFUSD also asserts that the complaint and its attachments have not put the school district on notice as to the nature of plaintiff's claims – he fails to allege the bases on which he was discriminated against, or when the alleged discrimination took place, or where the discrimination took place, or what happened. Thus, SFUSD asserts, the court should dismiss the complaint.

The court finds that the motion must be GRANTED. Under Rule 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). In order to avoid dismissal, plaintiff must allege sufficient facts to state a claim for relief that is plausible on its face. See Bell-Atlantic, 127 S.Ct. at 1966-67.

Thus, at a minimum, in order to state a claim for discrimination under Title VII, plaintiff must state what the discriminatory action was and when it occurred. In addition, to state a claim of discrimination on the basis of race or religion, he must state, respectively, what race he is and what religion he practices. He must also clarify whether he is alleging

7

a claim of sex discrimination or sexual harassment, and must identify the action(s) that constituted the alleged discrimination or harassment.  As for the allegation of discrimination on the basis of "social and economic background," plaintiff is advised that "social and economic background" is not a protected category under Title VII, and therefore cannot provide the basis for a claim of discrimination.

        3.       Whether the complaint states a claim of any other violation

Referring to the allegations of "acts complained of" in the complaint, SFUSD argues that plaintiff's "other claims" are also vague and ambiguous in terms of exactly what laws were allegedly violated and exactly what plaintiff is complaining of.

For example, SFUSD notes, plaintiff asserts that he was required to participate in "an act of discrimination," but does not define the act, state when it occurred, or who made him do it.  He mentions "stolen properties," but does not state what was stolen or when the theft occurred.

Plaintiff also claims "psychological abuse," "violation of personal privacy," "withdrawal of funds from personal checking," "child abuse" and "violations of the contract," but does not state who did these things, when they occurred, or where they occurred, and provides no details that would put the school district on notice as to the nature of the claim(s) and the district's alleged role.  Thus, SFUSD asserts, it is unable to respond to these vague and unintelligible claims.

In addition, SFUSD contends that to the extent that plaintiff intends to allege state law tort claims, any such claims are barred because plaintiff did not file a claim under the California Tort Claims Act.

The court finds that the motion must be GRANTED.  To the extent that plaintiff is asserting tort claims apart from his civil rights claims, those claims are barred because he did not file a claim with the City and County of San Francisco under the California Tort Claims Act.  See Cal. Gov't . Code § 945.4 (presentment of a written claim to the applicable public entity is required before a "suit for money or damages may be brought against a public entity").  To the extent that plaintiff is asserting other claims, he must allege

8

supporting facts.

  4.  Whether any claim for breach of labor contract is barred

  Based on certain vague references in the "Facts Surrounding Complaint" to communications that plaintiff had with the teachers' union, and based on the fact that plaintiff alleges "violations of the contract" in his complaint, SFUSD asserts that to the extent that plaintiff intends to allege breach of the collective bargaining agreement, the claim should be dismissed for failure to exhaust administrative remedies because plaintiff did not file a grievance through the union.

  The court finds that the motion must be GRANTED. As an initial matter, the court notes that a plaintiff asserting a claim of breach of contract is required to allege facts showing that the claim meets the required elements – (1) the existence of a contract, (2) performance by the plaintiff or excuse for nonperformance, (3) breach by the defendant, and (4) damages. See First Commercial Mortgage Co. v. Reece, 89 Cal. App. 4th 731, 745 (2001). Plaintiff has not alleged any of these elements. Thus, it is impossible for SFUSD to know which contract plaintiff is basing his claim on. In addition, if the contract plaintiff is referring to is a collective bargaining agreement, there may be a requirement of exhaustion of administrative remedies.

  5.  Whether any claims outside the EEOC charge should be dismissed

  SFUSD contends that plaintiff has include allegations in the complaint that are not contained in the EEOC charge. The EEOC charge states that the alleged discrimination took place on November 14, 2006, while the complaint states that the discrimination took place from September 2006 to the "present." In addition, plaintiff alleges in the complaint that he was required to participate in an act of discrimination, and that he was sexually harassed, but in the EEOC charge he does not mention these things. SFUSD asserts that any claims not raised in the EEOC charge should be dismissed.

  The court finds that the motion must be GRANTED. To establish federal subject matter jurisdiction, a plaintiff is required to exhaust his or her administrative remedies before seeking adjudication of a Title VII claim. B.K.B. v. Maui Police Dep't, 276 F.3d 1091,

1099 (9th Cir. 2002); EEOC v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994). Exhaustion of administrative remedies under Title VII requires that the complainant file a timely charge with the EEOC, thereby allowing the agency time to investigate the charge. See 42 U.S.C. § 2000e-5(b); see also B.K.B., 276 F.3d at 1099. "Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are like or reasonably related to the allegations contained in the EEOC charge." Lyons v. England, 307 F.3d 1092, 1103 -04 (9th Cir. 2002) (quotation and citation omitted).

Here, plaintiff alleged in his EEOC charge that the discrimination occurred on November 14, 2006. For that reason, he cannot base his complaint of discrimination on either the letter of reprimand or on his termination, but only on whatever it was that occurred on November 14, 2006 – unless he can allege facts showing that any claim of a subsequent discriminatory action is like or "reasonably related" to the event on November 14, 2006.

**CONCLUSION**

In accordance with the foregoing, the complaint is DISMISSED. The dismissal is with LEAVE TO AMEND.

As stated above, no later than November 7, 2007, plaintiff must file a declaration made under penalty of perjury stating in detail the date he received the right-to-sue notice and the circumstances under which he received it, as explained above. SFUSD may, if it wishes, file an opposition to the declaration no later than November 14, 2007. The court will issue an order by November 21, 2007, indicating whether it will dismiss the Title VII claims with prejudice as untimely.

As to claims remaining in the case following the court's order on the Title VII claims, any amended complaint must be filed no later than December 5, 2007. If plaintiff fails to file the amended complaint by that deadline, the court will dismiss the action.

In amending the complaint, plaintiff must allege facts supporting each claim he is asserting against SFUSD, as explained above. The submission of a voluminous document

entitled "Facts Surrounding Claim" is not an adequate substitute for providing a clear and coherent statement of the facts that support the claims. Neither SFUSD nor the court is obligated to pour through a voluminous submission in an effort to locate the relevant facts. It is plaintiff's duty to inform SFUSD of the facts which, if proven, will establish the elements of his claim or claims.

In the alternative, plaintiff may dismiss the present action, and file an action in the Superior Court of California for violations of the Fair Employment and Housing Act, California Government Code § 12940, et seq. Based on the date of the right-to-sue notice issued by DFEH, the date for filing such a complaint has not yet passed.

The date for the hearing on this motion, previously set for Wednesday, October 31, 2007, is VACATED.

**IT IS SO ORDERED.**

Dated: October 24, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge

11