United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADAM MCDONALD,

    Plaintiff,                      No. C 07-4249 PJH

    v.                             **ORDER**

SAN FRANCISCO UNIFIED
SCHOOL DISTRICT,

    Defendant.
_____/

        The court is in receipt of a request by plaintiff, on the basis of an asserted "filing error" by the court, to "rename" the document filed by plaintiff on October 29, 2007, at Docket No. 9.

        Plaintiff entitled the document, "Motion to dismiss 'proposal to dismiss by defendant, San Francisco Unified School District, on October 31, 2007.'" Because plaintiff, as the plaintiff, is not in a position to seek dismissal, he cannot file a motion to dismiss. Thus, the court did not have the document entered in the docket as a "motion to dismiss." Because the first line of the document begins with the words, "I declare under penalty of perjury that the foregoing is true and correct," the court guessed that plaintiff intended the document to be the declaration ordered by the court in the October 24, 2007, order granting defendant's motion to dismiss.

        Plaintiff contends, however, that the document is not a declaration, but rather a "motion to dismiss the assumed meeting on October 31, 2007, and to stay with the original ADR and case schedual [sic]." Plaintiff asserted in the October 29, 2007, document that the October 31, 2007, date (the date previously set for the hearing on the motion to

dismiss) was not "appropriate for discussion of serious matters," for "religious/spiritual reasons." Based on this statement, the court concludes that plaintiff may have intended the document to be a request that the court not hear defendant's motion on October 31, 2007. He also refers to the document as a "motion to dismiss the dismissal," by which he may have intended to seek an order vacating the order dismissing the complaint. In any event, the document is still presented in the form of a declaration.

Although plaintiff's reasoning is not entirely clear, any request that the motion not be heard on October 31, 2007, was moot at the time it was made, as the court had already granted defendant's motion to dismiss, based in part on plaintiff's failure to oppose the motion by the due date, and had vacated the hearing date. Any request for an order vacating the order dismissing the complaint was also moot, as the court had granted plaintiff leave to amend the complaint. The court suggests that plaintiff now concentrate on submitting a declaration by November 7, 2007, as ordered by the court.

Finally, the court again admonishes plaintiff that he is REQUIRED to serve defendant's counsel with a copy of EVERY DOCUMENT he files with the court, and is also REQUIRED to FILE with the court a separate certificate of service "stating the date, place, and manner of service" and the name(s) and street address(es) of the persons or entities served, "certified by the person who made service, pursuant to 28 U.S.C. § 1746." Civ. L.R. 5-6(a). The court will not consider any documents filed by plaintiff which are not served on defendant's counsel.

**IT IS SO ORDERED.**

Dated: November 5, 2007

PHYLLIS J. HAMILTON
United States District Judge

2