1   Kathleen Maylin (State Bar No. 155371)
    Lori Regler (State Bar No. 206390)
2   JACKSON LEWIS LLP
    199 Fremont Street, 10th Floor
3   San Francisco, CA 94105
    Telephone    415.394.9400
4   Facsimile:    415.394.9401

5   Attorneys for Defendant
    SAN FRANCISCO UNIFIED SCHOOL DISTRICT
6

7

8                 UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10

11  ADAM McDONALD,                        Case No. C 07 4249 PJH

12            Plaintiff,                  **DEFENDANT SAN FRANCISCO
                                          UNIFIED SCHOOL DISTRICT'S
13       v.                               REPLY IN SUPPORT OF MOTION
                                          TO DISMISS PLAINTIFF'S
14  SAN FRANCISCO UNIFIED SCHOOL          COMPLAINT**
    DISTRICT,
15                                        **Fed. R. Civ. Proc. 12(b)(6)**
              Defendant.
16

17

18

19

20

21

22

23

24

25

26

27

28

                                1

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT                    C-07-4249PJH

## I.    **INTRODUCTION**

This Court granted the San Francisco Unified School District's ("District") Motion to Dismiss Plaintiff Adam McDonald's ("Plaintiff") Complaint on all grounds, and ordered Plaintiff to submit a declaration or other evidence supporting the date he received his Right-to-Sue Notice and alleging sufficient facts in support of his claims. Plaintiff failed to comply with the Court's Order and his Complaint should be dismissed without leave to amend.

First, Plaintiff failed to submit a declaration with sufficient facts to excuse his untimely filed civil action. Based on the 90-day Right-to-Sue Notice issued May 16, 2007, Plaintiff should have filed his civil action by August 14, 2007, or under the presumption imposed by the Ninth Circuit Court of Appeal that a right-to-sue notice will be deemed received three days after it was mailed, by August 17, 2007 at the latest. See *Payan v. Aramark Mgmt. Servs. Limited Partnership*, No. 05-15978, 2007 U.S. App. Lexis 18340 (9th Cir., Aug. 2, 2007). Instead, Plaintiff did not bring a civil action against the District until August 20, 2007.

After this Court granted the instant motion, Plaintiff submitted a Declaration claiming that the Notice was mis-addressed and that he received it sometime between May 21 and May 29, 2007. See November 5, 2007 Declaration of Plaintiff. However, Plaintiff provided no other pertinent details as ordered by the Court and his declaration is insufficient to rebut the presumption under *Payan* that the Notice was delivered May 19, 2007 and the 90-day period lapsed August 17, 2007.

In any case, Plaintiff's late filing should not be excused because he was on notice of the last day to bring his civil action and the equitable tolling doctrine does not excuse his untimely filing. In addition, Plaintiff admits that the "main reason" he filed later than August 17, 2007 was because one of the attorneys Plaintiff consulted allegedly advised him that the 90-day time limit was extended by 10 days. *Id.*, at 3-4. But this directly contradicts information contained in letters from the attorneys, which Plaintiff attached to his Complaint. Plaintiff's self-serving, unsupported statements should be disregarded.

Second, Plaintiff failed to comply with the Court's Order to set forth sufficient facts in support of his claims: he failed to state any claim upon which relief could be granted under Title

2

1  VII or any other law; he failed to comply with the California Tort Claims Act, which bars his

2  non-statutory claims; he failed to exhaust his administrative remedies provided by contract; and

3  he failed to exhaust his administrative remedies under Title VII.

4  **II.    ARGUMENT**

5      **A.    Plaintiff's Complaint Must be Dismissed Because He Failed to Sufficiently**

6      **Cure the Untimely Filing of His Complaint**

7           1.    Plaintiff's Complaint Was Filed Beyond the 90-Day Statue of Limitations

8              Period and Must be Dismissed

9  This Court granted the District's Motion to Dismiss on the grounds that Plaintiff failed to

10  file his complaint within 90 days of his Right-to-Sue Notice of May 16, 2007.  See Court's

11  October 24, 2007 Order, p. 4.  The Court ordered Plaintiff to attempt to rebut the presumption

12  under *Payan v. Aramark Mgmt. Servs. Limited Partnership*, No. 05-15978, 2007 U.S. App. Lexis

13  18340 (9th Cir., Aug. 2, 2007) that a right-to-sue notice will be presumed to have been delivered

14  three days after the date of mailing by providing "competent evidence supporting his claim as to

15  the date of receipt of the notice" and describing "the circumstances under which he received the .

16  . . notice."  *Id*. at 5.

17  In Plaintiff's November 5, 2007 Declaration, he alleges he did not receive the Notice

18  before May 19, 2007 and that the Notice was mis-addressed.  See November 5, 2007 Declaration

19  of Plaintiff.  He alleges that his "calendar" reads that he "checked [his] mail on the 21st and the

20  29th of May" and that he did not receive the notice "sooner than or later than those dates."  *Id*. at

21  2.  Aside from these details, Plaintiff failed to comply with the Court's Order because he did not

22  specify "in detail the circumstances under which he received the right-to-sue notice – whether the

23  letter was placed in his mailbox, or he received it some other way – and the date he received it."

24  Court's October 24, 2007 Order, p. 5.  In addition, he did not state "whether he knows the date

25  the letter arrived at this building, and if so, what that date was" or "whether each residential unit

26  in his building has its own mailbox, and if so, whether he checks his mailbox every day.  *Id*.

27  In light of Plaintiff's failure to comply with the Court's order, and the vague, cryptic

28  assertions contained in his Declaration, Plaintiff has not rebutted the presumption that he received

3

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

C-07-4249PJH

1    the Notice on May 19, 2007.

2              2.    Plaintiff's Late Filing Should Not Be Excused Because He Was On Notice
                     Of The Last Day To Bring His Civil Action And The Equitable Tolling
3                    Doctrine Does Not Excuse His Late Filing

4          The doctrine of equitable tolling does not excuse Plaintiff's failure to timely file.

5    Generally, the doctrine of equitable tolling can apply, for example, if "a claimant was tricked by

6    an adversary into letting a deadline expire, and when the EEOC's notice of the statutory period

7    was clearly inadequate." *Scholar v. Pacific Bell*, 963 F.2d 264, 268 (9th Cir. 1992). Nevertheless,

8    courts are "generally unforgiving . . . when a late filing is due to claimant's failure to exercise due

9    diligence in preserving his [or her] legal rights." *Id.* (Citation omitted).

10          In this case, Plaintiff apparently waited a week to check his mailbox, between May 21 and

11   May 29, and has provided no explanation as to when he actually read the Right-to-Sue Notice.

12   See November 5, 2007 Declaration of Plaintiff, p. 2.    Even if Plaintiff received the Notice when

13   he alleges, his civil action remains time-barred. As relied upon by the Ninth Circuit in *Scholar*, in

14   *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987), the claimant "knew

15   of the right to sue letter within six days of its arrival and this left him eighty-four days to file his

16   complaint.  There has been no showing that this was not sufficient time within which to act."  In

17   *Scholar*, when the plaintiff waited several days before reading the right-to-sue notice after it was

18   delivered to her home, the Ninth Circuit found that the plaintiff "*still had 76-83 days in which to*

19   *preserve her legal rights*; Ms. Scholar offers no explanation for why this was not sufficient time

20   in which to commence her action." *Scholar, supra*, 963 F.2d at 268 (emphasis added).  The Ninth

21   Circuit noted that "'there is no reason why a plaintiff should enjoy a manipulable open-ended

22   time extension which could render the statutory limitation meaningless.'" *Ibid.* (Citation omitted).

23          Further, even if Plaintiff received the Notice between May 21 and May 29, 2007, he was

24   on actual notice of the last day to bring his civil action.  Plaintiff's Right-to-Sue Notice advised

25   him that any lawsuit must be filed within 90 days of receipt of the Notice and that "in order to

26   avoid any question that you did not act in a timely manner, it is prudent that your suit be filed

27   **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is

28   signed) or the date of the postmark, if later." See Attachment to Right-to-Sue Notice Attached to

                                                    4

1    Complaint. (Emphasis in original.)    In other words, Plaintiff had months to file his complaint in

2    a timely manner and no fortuitous circumstances are present in this case to allow Plaintiff to file

3    an untimely action.    The Court should conclude that Plaintiff did not exercise reasonable

4    diligence in filing his complaint within 90 days and dismiss Plaintiff's action.

5                    3.    Plaintiff's Proffered Excuse for his Late Filing – that Counsel advised
                          Plaintiff he Had 10 Additional Days to File his Action – is Contradicted by
6                          Plaintiff's Complaint

7        Plaintiff admits that the "main reason" he filed later than August 17, 2007 was because he

8    was assisted by two attorneys, one who advised him that the 90-day time limit was extended by

9    10 days.  See November 5, 2007 Declaration of Plaintiff, p. 3-4.  However, this contradicts the

10   information contained in letters from the two attorneys, attached to Plaintiff's Complaint.

11       One attorney advised Plaintiff that "based on the notice from the EEOC, if you wish to

12   pursue the federal claims . . . you have to file a suit in federal court . . . by August 14, 2007." See

13   Letter from John G. Appel, Jr. Attached to Plaintiff's Complaint.  Another attorney advised

14   Plaintiff that "[b]ased on your statement that you received the letter from the EEOC on May 21,

15   2007, the ninety day deadline will lapse on August 19, as we discussed." See Letter from Steven

16   Kaiser Attached to Plaintiff's Complaint. (Emphasis added.)

17       These written, verifiable statements from counsel contradict Plaintiff's self-serving,

18   unverifiable statements in his Declaration that counsel advised him that he had 10 additional days

19   to bring a civil action. These statements by Plaintiff should be disregarded. See *Software Design*

20   *& Application, Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 484, 56 Cal. Rptr. 2d 756, 763

21   (Cal. Ct. App. 1996) (allegations in a complaint must yield to contrary facts found in exhibits to

22   the complaint).

23       B.    **Plaintiff's Complaint Must Be Dismissed Because He Continues to Fail to
                State A Claim Upon Which Relief Can Be Granted**
24
             1.    Plaintiff Fails to State a Cognizable Claim of any Title VII Violation
25

26       This Court granted the District's Motion to Dismiss Plaintiff's Title VII claims on the

27   grounds that his Complaint failed to state a cause of action. See Court's October 24, 2007 Order,

28   p. 7. The Court ordered that Plaintiff "must allege sufficient facts to state a claim for relief that is

                                              5

1   plausible on its face" and, at a minimum, Plaintiff must state: "what the discriminatory action was

2   and when it occurred," and "what race he is and what religion he practices," and clarify "whether

3   he is alleging a claim of sex discrimination or sexual harassment, and must identify the action(s)

4   that constituted the alleged discrimination or harassment." *Id.* at 7-8.

5        Plaintiff failed to comply with the Court's order.  With respect to his race discrimination

6   claim, Plaintiff claims that he is "1/16 Pacific Island, 3/16 Amerindian [sic], ¼ Hispanic

7   (Portugues [sic] and Spanish) and the rest English, French, Scotish [sic]."  See November 5, 2007

8   Declaration of Plaintiff, p. 5.  He notes that "most of these labels are Nationalistic or linguistic

9   and have little to do with phenotypes." *Id.*  Aside from this verbiage, Plaintiff provides no other

10  relevant descriptive information in his Declaration, and does not state that he suffered any adverse

11  employment action on the basis of his race, nor does he identify any action that allegedly

12  constituted discrimination or when it allegedly occurred.

13       Similarly, Plaintiff provides no additional sufficient facts to state a claim for religious

14  discrimination.  He states in his declaration that he is "a practicing Zen Catholic Yogi, who is also

15  a member of the Noetic Society." *Id.* at 5-6.  Beyond this, Plaintiff provides no additional facts

16  alleging he suffered any adverse employment action on the basis of his religion and does not

17  identify any discriminatory acts or when they occurred.  Plaintiff also fails to address the issue of

18  alleged sex discrimination in his Declaration and has not clarified whether he is claiming sexual

19  harassment or discrimination.

20       Plaintiff lists a host of facts in his Declaration at pages 9-19, but these facts have no nexus

21  to employment discrimination under Title VII.  Plaintiff's Complaint has not put the District on

22  notice as to the nature of Plaintiff's Title VII claims, and his Declaration sheds no light on his

23  allegations.  The District cannot fairly respond to such vague and uncertain claims and the Court

24  should dismiss Plaintiff's claims.

25                 2.    Plaintiff Fails To State A Cognizable Claim Of Any Violation And To The
                         Extent He Alleges Non-Statutory Claims, He Failed To Comply With The
26                       Tort Claims Act And Thus Is Barred From Bringing Such Claims

27       This Court granted the District's Motion to Dismiss to the extent Plaintiff is asserting any

28  non-statutory claims because Plaintiff failed to file a claim under the California Tort Claims Act.

6

1  See Court's October 24, 2007 Order, p. 8.  The Court also ordered Plaintiff to allege additional

2  facts supporting his claims.  *Id.*  Plaintiff again failed to comply with the Court's order.

3          First, it is not disputed that Plaintiff failed to comply with the California Tort Claims Act

4  because Plaintiff admits he did not file a timely Tort Claim with the District.  He states in his

5  declaration that "[t]he Tort Claims Act was not listed on the Civil Cover Sheet, otherwise I would

6  have listed it" and that on "August 30, 2007 I filed a claim against the City and County of San

7  Francisco."  See November 5, 2007 Declaration of Plaintiff, p. 7.  Plaintiff's August 30, 2007

8  claim is untimely in light of his August 20, 2007 civil action.  Consequently, to the extent

9  Plaintiff is trying to allege any non-statutory claims against the District, Plaintiff's claims must be

10  barred.  Cal Govt. Code §§905, 910(a), 945.4; *See, e.g., Del Real v. City of Riverside*, 95

11  Cal.App.4th 761, 767-68, 115 Cal.Rptr.2d 705, 709-710 (Cal. Ct. App. 2002); *Karim-Panahi v.*

12  *Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1998).

13          Second, Plaintiff failed to allege sufficient facts to the extent he is claiming non-statutory

14  violations.  In his Declaration, Plaintiff lists a collection of facts, many of which do not involve

15  District personnel, that occurred after Plaintiff ceased being a District employee, and have no

16  nexus to any cognizable cause of action.  These vague and ambiguous allegations have not put the

17  District on notice as to the nature of Plaintiff's claims.  The District cannot fairly respond to such

18  claims and the Court should dismiss Plaintiff's claims.

19                     3.    To The Extent Plaintiff Alleges Breach Of His Labor Contract, He Failed
                              To Exhaust His Administrative Remedies And Thus Is Barred From
20                            Bringing Such Claims

21          This Court granted the District's Motion to Dismiss, noting that a "plaintiff asserting a

22  claim of breach of contract is required to allege facts showing that the claim meets the required

23  elements – (1) the existence of a contact, (2) performance by the plaintiff or nonperformance, (3)

24  breach by the defendant and (4) damages."  See Court's October 24, 2007 Order, p. 9, citation

25  omitted.  This Court found that in this case, Plaintiff failed to allege any of the elements.  *Id.*

26          In his Declaration, Plaintiff fails to address any of the missing elements, and to the extent

27  he is alleging breach of any contract, he was required to exhaust all available administrative and

28  contractual remedies to resolve employment disputes before seeking redress in the courts.  *Lopez v.*

7

1   *Civil Service Commission*, 232 Cal.App.3d 307, 311, 283 Cal.Rptr. 447 (Cal. Ct. App. 1991);

2   *Holderby v. International Union of Operating Engineers*, 45 Cal.2d 843, 846, 291 P.2d. 463 (1995);

3   *Williams v. Housing Authority of Los Angeles*, 121 Cal.App.4[th] 708, 713, 17 Cal.Rptr.3d 374, 377

4   (Cal. Ct. App. 2004); *Palmer v. Regents of Univ. of Calif.* 107 Cal.App.4[th] 899, 906, 132

5   Cal.Rptr.2d 567, 573 (Cal. Ct. App. 2003).  Hence, any breach of contract claim made by Plaintiff

6   should be barred.

7        **C.    Plaintiff's Complaint Should Be Dismissed To The Extent Claims Outside Of
           The EEOC Charge Are Included Because He Failed To Exhaust His**

8        **Administrative Remedies**

9        This Court granted the District's Motion to Dismiss to the extent Plaintiff's Complaint

10  includes allegations that were not contained in his EEOC charge.  See Court's October 24, 2007

11  Order, p. 9.  This Court noted that Plaintiff "cannot base his complaint of discrimination on either

12  the letter of reprimand or his termination, but only on whatever it was that occurred on November

13  14 2006 – unless he can allege facts showing that any claim of a subsequent discriminatory action

14  is like or 'reasonably related' to the event on November 14, 2006." *Id.* at 10.

15       Once again, Plaintiff failed to address this issue in his Declaration and made no attempt to

16  show that whatever happened on November 14, 2006 in any way relates to his claims that he was

17  required to participate "in an act of discrimination" and was sexually harassed.  Consequently,

18  Plaintiff failed to exhaust his administrative remedies and the new claims should be dismissed.

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

8

1

## III.  **CONCLUSION**

2      This Court's Order granting the District's Motion to Dismiss Plaintiff's Complaint in its

3  entirety pursuant to Rule 12(b)(6) was proper, and Plaintiff failed to comply with the Court's

4  Order. The District respectfully requests that this Court dismiss with prejudice Plaintiff's

5  Complaint in its entirety of the Federal Rules of Civil Procedure for failure to state claims upon

6  which relief may be granted.

7

8  Dated: November 14, 2007                    Respectfully submitted,

9                                              JACKSON LEWIS LLP

10

11                                      By: _____

12                                          Attorneys for Defendant
                                            Kathleen Maylin
13                                          Lori Regler
                                            SAN FRANCISCO UNIFIED
14                                          SCHOOL DISTRICT

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT'S REPLY IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT                                    C-07-4249PJH