Kathleen Maylin (State Bar No. 155371)
Lori Regler (State Bar No. 206390)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone    415.394.9400
Facsimile:    415.394.9401

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM McDONALD,<br><br>        Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>        Defendant. | Case No. C 07 4249 PJH<br><br>**DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Fed. R. Civ. Proc. 12(b)(6)**<br><br>Date:    January 30, 2008<br>Time:   9:00 a.m.<br>Courtroom 3, 17th Floor<br>Judge:   Hon. Phyllis Hamilton |

**PLEASE TAKE NOTICE** that on January 30, 2008, at 9:00 a.m., or as soon thereafter as counsel may be heard in Courtroom 3 of the above-entitled court, located at 450 Golden Gate Avenue, 17th Floor, in San Francisco, California 94102, Defendant San Francisco Unified School District ("Defendant") will, and hereby does move, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), for an order dismissing and striking Plaintiff Adam McDonald's ("Plaintiff") Amended Complaint as follows:

    1.    Plaintiff's Complaint Must Be Dismissed Because He Fails to State a Claim Upon Which Relief Can Be Granted.

1.

2.  To the Extent Plaintiff Alleges Non-Statutory Law Claims, He Failed to Comply with the California Tort Claims Act and thus is Barred from Bringing Such Claims.

3.  To the Extent Plaintiff Alleges Breach of his Labor Contract, He Failed to Exhaust his Administrative Remedies and thus is Barred from Bringing Such Claims.

4.  Plaintiff's Complaint Should be Dismissed to the Extent EEO Claims Outside of the EEOC Charge are Included Because He Failed to Exhaust His Administrative Remedies.

This Motion is based on the Notice of Motion, the Memorandum of Points and Authorities, Plaintiff's Amended Complaint, any evidence judicially noticed, and any matter in the Court's record or file which may be properly considered by the Court.

Dated: December 21, 2007

Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Kathleen Maylin
Lori J. Regler
Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

2.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Adam McDonald ("Plaintiff") was a probationary teacher employed by Defendant San Francisco Unified School District ("District"). As occurs occasionally, the District did not re-employ Plaintiff after the two year mark, which would have made him a tenured teacher. Plaintiff responded by filing a discrimination complaint with the EEOC and bringing a civil action.

The District brought a motion to dismiss Plaintiff's Complaint on numerous grounds, and this Court granted the District's motion and allowed Plaintiff leave to amend. Plaintiff filed an Amended Complaint ("AC") on December 5, 2007. Plaintiff continues to fail to state any cognizable cause of action, and he continues to make vague, unintelligible accusations that fail to establish any claim upon which relief can be granted.

First, Plaintiff's AC fails to state a claim under Title VII or any other law. Second, his non-statutory claims, if any are stated, are barred because he failed to comply with the California Tort Claims Act, a prerequisite to suing a public entity, and failed to exhaust the administrative remedies provided by the labor contract with the District. Third, he failed to exhaust his administrative remedies under Title VII, and thus to the extent he is attempting to allege any claims outside the scope of his administrative charge, such claims are barred.

Plaintiff has had ample opportunity to correct his defective pleadings. No further amendments can possibly cure the fatal defects in Plaintiff's AC and the Court should now end this waste of the Court's and the District's time and resources and dismiss Plaintiff's AC without leave to amend.

## II. FACTUAL ALLEGATIONS

### A. Plaintiff's Employment With SFUSD

Plaintiff was employed by the District as an art teacher beginning in August, 2005. *See* Charge of Discrimination Attached to Complaint. A theft occurred in Plaintiff's classroom on November 14, 2006 and Plaintiff subsequently refused to cooperate with the Assistant Principal in identifying students who may have been in Plaintiff's classroom at the time. *Id.* Plaintiff never

1.

<pre>

returned to work following the incident. *Id*; *see also*, AC, p. 5.

B. **Plaintiff's EEOC Charge and Right-to-Sue Notice**

Plaintiff filed a Charge of Discrimination with the EEOC related to the events of November 14, 2006 alleging he was discriminated against on the basis of his race, sex, and religion. The EEOC received the Charge on April 18, 2007. *See* Charge of Discrimination Attached to Complaint. The EEOC issued Plaintiff a Right-to-Sue Notice dated May 16, 2007. *See* Right-to Sue Notice Attached to Complaint.

C. **Plaintiff's Complaint**

Plaintiff filed a form complaint in U.S. District Court on August 20, 2007. *See* Complaint. He alleged that the District's conduct was discriminatory on the basis of race or color, religion, sex and "social and economic background." *See* Complaint, p. 1. He claimed that he suffered:

> "required mandatory participation in an act of discrimination, stolen properties, psychological abuse, sexual harassment, violation of personal privacy, withdraw [sic] of funds from personal checking, conspiracy, child abuse (in process of harassment), violations of the contract in their handlings of my reports." *Id.*, p. 2.

Nowhere in the Complaint is it alleged or set out that Plaintiff filed a timely (or otherwise) Tort Claim with the District under the California Tort Claim Act or utilized any remedies provided by the policies and procedures of the labor contract with the District.

D. **The District's Motion to Dismiss and the Court's Order Thereon**

The District brought its motion to dismiss Plaintiff's Complaint on September 17, 2007 on numerous grounds, including grounds similar to those set forth herein, and also argued that Plaintiff's Complaint was time-barred in light of the date of his 90-day right-to-sue notice. Plaintiff filed no substantive opposition and on October 24, 2007 the Court granted the District's motion and, in a detailed order, allowed Plaintiff leave to submit a declaration setting forth additional facts in support of his claims. After numerous and irrelevant submissions by Plaintiff, he submitted a declaration "in support of Plaintiff's Opposition to Defendant's Motion to Dismiss" on November 5, 2007. After the District's Reply was filed on November 14, 2007, this Court on November 21, 2007 granted the District's motion to dismiss on all grounds except that

2.

</pre>

Plaintiff's Complaint was time-barred in light of the date of his 90-day right-to-sue notice. The Court ordered that Plaintiff must amend his Complaint in accordance with the Court's October 24, 2007 order or his case would be dismissed.

### E. Plaintiff's Amended Complaint

On December 5, 2007 Plaintiff filed his 39–page AC. Plaintiff again failed to allege that he filed a timely Tort Claim with the District under the California Tort Claim Act or utilized any remedies provided by the policies and procedures of the labor contract with the District.

## III. ARGUMENT

### A. Legal Standard on Motion to Dismiss

Pursuant to the Federal Rules of Civil Procedure, a Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the claim stated in the complaint. See, e.g., *Neitzke v. Williams*, 490 U.S. 319 (1989). A motion to dismiss under FRCP 12(b)(6) shall be granted "where the plaintiff fails to state a claim upon which relief can be granted." *Mannin v. Skywest Airlines*, 946 F.Supp. 767, 768 (C.D. Cal. 1996).

Although a court must accept all well-pleaded facts as true when considering a 12(b)(6) motion, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A plaintiff must state "more than labels and conclusion, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007). Instead, a plaintiff's allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 1965.

### B. Plaintiff's Complaint Must Be Dismissed Because He Fails to State A Claim Upon Which Relief Can Be Granted

A Rule 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

    1. Plaintiff Continues to Fail to State a Cognizable Claim of any Title VII Violation

3.

This Court granted the District's Motion to Dismiss Plaintiff's Title VII claims on the grounds that his Complaint failed to state a cause of action. *See* Court's October 24, 2007 Order, p. 7. This Court ordered that Plaintiff "must allege sufficient facts to state a claim for relief that is plausible on its face" and, at a minimum, Plaintiff must state: "what the discriminatory action was and when it occurred," and "what race he is and what religion he practices," and clarify "whether he is alleging a claim of sex discrimination or sexual harassment, and must identify the action(s) that constituted the alleged discrimination or harassment." *Id.* at 7-8. Plaintiff has again failed to comply with the Court's order.

In his November 5, 2007 declaration, Plaintiff explained that he is "1/16 Pacific Island, 3/16 Amerindian, ¼ Hispanic (Portugues [sic] and Spanish) and the rest English, French, Scotish [sic]." *See* Plaintiff's November 5, 2007 Declaration, p. 5. His AC contains no additional descriptive information regarding his race. His only references to race are "Latina girls used as decoys," and an alleged demand that he "participate in a mandatory, racist, investigation, where African American males were inflicted." *See* AC, pgs. 4-5; *see also* AC, p. 32 ("asked to participate in a racist, staged 'investigation' which contradicted my social and ethical principles" and p. 36 ("several young men were pulled out of thier [sic] sixth period class based solo on their dark complexion" and "the Latina girls . . . looked awkward in black makeup").

Plaintiff has failed, in any of his submissions to the court, to plead any facts to support a claim for race discrimination. Plaintiff fails to state that he suffered any adverse employment action on the basis of his race, nor does he identify any action by the District that allegedly constituted race discrimination, when it allegedly occurred, or any other details about what allegedly occurred that could be deemed unlawful race discrimination.

With respect to his claim for religious discrimination, Plaintiff provides no additional facts sufficient to state a claim. He stated in his November 5, 2007 Declaration that he is "a practicing Zen Catholic Yogi, who is also a member of the Noetic Society." *See* Plaintiff's November 5, 2007 Declaration, pgs. 5-6. Beyond this, Plaintiff's Declaration and AC fail to address his claim for religious discrimination. Plaintiff has not set forth any facts alleging he was subjected to any adverse employment action by the District on the basis of his aforementioned religion, nor does

4.

he identify any action by the District that allegedly constituted religious discrimination, when it allegedly occurred, or any other details about what allegedly occurred that could be deemed unlawful discrimination based on Plaintiff's religion.

With respect to his claim for sex discrimination, Plaintiff, despite this Court's order, has failed to clarify whether he is claiming sexual harassment or discrimination. Plaintiff provides no additional facts in his AC alleging he suffered any adverse employment action on the basis of his gender and does not identify any discriminatory acts, when they occurred, or any other details about what allegedly occurred that could be deemed unlawful sex harassment or discrimination.

As to Plaintiff's allegation that he was discriminated against on the basis of his "social and economic status," this Court previously ruled that "'social and economic background' is not a protected category under Title VII, and therefore cannot provide the basis for a claim of discrimination." *See* Court's October 24, 2007 Order, p. 8.

Even though a complaint in federal court must include only "a short and plain statement of the claim showing that the pleader is entitled to relief," it must give the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley* v. *Gibson,* 355 U.S. 41, 47 (1957) (overruled on other grounds in *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955 (2007). A plaintiff must state more than buzzwords and conclusory allegations, and must plead "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly, supra*, 127 S.Ct. 1965.

Here, Plaintiff's AC and his numerous other declarations and submissions to the Court have not put the District on notice as to the nature of Plaintiff's claims. Further, this case is similar to *Twombly*, where the Court decided that the plaintiff had failed to state a claim when the complaint did not allege enough facts to even suggest that an illegal agreement had been made under antitrust laws or to raise a reasonable expectation that discovery would reveal evidence of illegal conduct. *Bell Atl. Corp. v. Twombly, supra*, 127 S.Ct. at 1965-1966. Here, Plaintiff has failed to state even bare facts suggesting that he was subjected to unlawful employment discrimination. Plaintiff fails to allege on what bases he was discriminated against, when the alleged discrimination took place, where the discrimination took place or the details of what

5.

happened. His vague and unintelligible assertions have no nexus with conduct prohibited by Title VII and are ambiguous at best as to how the statements connect to a cognizable Title VII claim. His AC has shed no light on his allegations and the District cannot fairly respond to such vague and uncertain claims. As a result, the Court should dismiss Plaintiff's Title VII claims.

### 2. Plaintiff Fails to State a Cognizable Claim of Any Unlawful Act

Plaintiff's other claims equally are vague and ambiguous in terms of exactly what laws were allegedly violated, who committed the alleged violations, and exactly what Plaintiff is complaining of. Plaintiff's AC sheds no light on the vague allegations in his initial Complaint and instead raises additional vague and confusing allegations. For example, he claims in his AC that: someone else entered student quarter grades for his classes; "eerie music was played over the loud speaker into [his] classroom"; Principal Pang greeted Plaintiff with a "nervous 'good morning' though it afternoon"; Latina girls were "used as decoys"; and his internet connection was not operating in his classroom. *See* AC, pgs. 3-5. None of these claims even arguably are related to any recognized claim against the District.

Plaintiff mentions that he was stalked, threatened, subjected to "illegal searches," that "public property and devices were used to intimidate" him, that police entered his residence without a warrant, that his "education, world view, and cultural upbringing were insulted," that "the union failed in their protection of one of their members" and deceived him, that he was "forced to sell and abandon thousands of dollars personal items and assets," that personal mail was opened, and that he was forced to live out of his car for over eight months. *See* AC, pgs. 32-33. The list could go on, however, Plaintiff makes no mention of who did these things to him – let alone that anyone employed the District committed these acts. Nor does Plaintiff allege when these acts occurred (although it appears they occurred after Plaintiff ceased being a District employee), where they occurred, or any details that could establish a viable claim against the District.

Again, these allegations have not put the District on notice as to the nature of Plaintiff's claims and the District cannot fairly respond. Further, these allegations fail to state the bare minimum to even suggest a cognizable claim against the District. The Court should therefore

6.

dismiss Plaintiff's vague and unintelligible claims.

### 3. To the Extent Plaintiff Alleges Non-Statutory Claims, He Failed to Comply with the Tort Claims Act and thus is Barred from Bringing Such Claims

This Court granted the District's Motion to Dismiss to the extent Plaintiff is asserting any non-statutory claims because Plaintiff failed to file a claim under the California Tort Claims Act. *See* Court's October 24, 2007 Order, p. 8. The Court also ordered Plaintiff to allege additional facts supporting his claims. *Id.* Plaintiff again failed to comply with the Court's order.

As discussed above, Plaintiff's AC has not shed any light on his claims, which are vague, insufficient to constitute viable claims, and should be dismissed. To the extent Plaintiff is alleging any non-statutory claims against the District, he was required to comply with the California Tort Claims Act, but Plaintiff failed to do so. Whenever a California public entity is blamed for causing a plaintiff's injury, the California Tort Claims Act applies as to non-statutory claims. Under the Act, the presentation of a timely claim for money or damages to the entity is a prerequisite to initiating a lawsuit. Cal Govt. Code §§905, 910(a), 945.4. Specifically, Section 945.4 states that "no suit for money or damages may be brought against a public entity on a cause of action for which a claim is required to be presented . . . until a written claim therefor has been presented to the public entity," and has been rejected in whole or in part.

Presentation of a timely claim is a mandatory prerequisite to maintaining a cause of action against a public entity, and failure to file a claim is fatal to the claimant's cause of action. *See, e.g., Del Real v. City of Riverside*, 95 Cal.App.4th 761, 767-68, 115 Cal.Rptr.2d 705, 709-710 (Cal. Ct. App. 2002). According to the Ninth Circuit, this state law requirement applies in federal court. See *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1998).

Here, it is not disputed that Plaintiff failed to comply with the California Tort Claims Act because Plaintiff admits he did not file a timely Claim with the District. He states in his declaration that "[t]he Tort Claims Act was not listed on the Civil Cover Sheet, otherwise I would have listed it" and that on "August 30, 2007 I filed a claim against the City and County of San Francisco." *See* November 5, 2007 Declaration of Plaintiff, p. 7. Consequently, Plaintiff's August 30, 2007 claim is untimely in light of his August 20, 2007 civil action, and to the extent

7.

Plaintiff is trying to allege any non-statutory claims against the District, Plaintiff's claims must be barred.

    4. <u>To the Extent Plaintiff Alleges Breach of his Labor Contract, He Failed to Exhaust his Administrative Remedies and thus is Barred from Bringing Such Claims</u>

This Court granted the District's Motion to Dismiss, noting that a "plaintiff asserting a claim of breach of contract is required to allege facts showing that the claim meets the required elements – (1) the existence of a contact, (2) performance by the plaintiff or nonperformance, (3) breach by the defendant and (4) damages." *See* Court's October 24, 2007 Order, p. 9, citation omitted. This Court found that in this case, Plaintiff failed to allege any of the elements. *Id.*

It is well settled under California law that litigants must first exhaust all available administrative and contractual remedies before seeking redress in the courts. *Lopez v. Civil Service Commission*, 232 Cal.App.3d 307, 311, 283 Cal.Rptr. 447 (Cal. Ct. App. 1991). "A failure to exhaust administrative remedies is a fundamental defect" and deprives courts of the jurisdiction over matters which could have been resolved through administrative proceedings. *Ibid.* A plaintiff who seeks judicial relief from an organization of which he is a member must first invoke and exhaust the remedies provided by that organization applicable to his grievance. *Holderby v. International Union of Operating Engineers*, 45 Cal.2d 843, 846, 291 P.2d. 463 (1995).

In the context of public employment, courts have uniformly favored exhaustion as a means to resolve employment disputes short of litigation. *Holderby, supra*; *Williams v. Housing Authority of Los Angeles*, 121 Cal.App.4th 708, 713, 17 Cal.Rptr.3d 374, 377 (Cal. Ct. App. 2004) (public employee's complaint for non-statutory claims dismissed for failure to utilize internal policies and procedures); *Palmer v. Regents of Univ. of Calif.*, 107 Cal.App.4th 899, 906, 132 Cal.Rptr.2d 567, 573 (Cal. Ct. App. 2003) (public employee's complaint for wrongful discharge barred where employee did not pursue university grievance procedures).

Here, although Plaintiff's allegations are unclear, he appears to be attempting to allege that his contract with the District was somehow violated. While in his AC, Plaintiff purports to recite a number of provisions contained in his labor contract, Plaintiff fails to allege that he utilized the administrative remedies and procedures set forth in the contract. In addition, he fails to address

8.

any of the missing breach of contract elements identified by this Court.

To the extent Plaintiff is alleging any internal policies, procedures or labor agreements with his employer were violated, he was required to pursue the remedies provided for under such policies, procedures or agreements, and exhaust those remedies before seeking redress in the courts. Plaintiff does not allege he did so, and thus Plaintiff's claims should be barred.

E. **Plaintiff's Complaint Should be Dismissed to the Extent EEO Claims Outside of the EEOC Charge are Stated Because He Failed to Exhaust His Administrative Remedies**

Title VII requires that a litigant file a charge and exhaust administrative remedies before bringing a civil suit. Failure to do so bars the civil action. 42 U.S.C. § 2000e-5(f)(1); *B.K.B v. Maui Police Dept.*, 276 F.3d 1091, 1099 (9th Cir. 2002); *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). Any subsequent Title VII lawsuit is limited to claims within the scope of the EEOC charge and the civil action must contain allegations "like and reasonably related to" the allegations of the EEOC charge. *EEOC v. Farmer Bros. Co.*, 31 F.3d 891, 899 (9th Cir. 1994). At a minimum, the EEOC charge and the complaint must describe the same conduct. *Peters v. Renaissance Hotel Operating Co.*, 307 F.3d 535, 550 (7th Cir. 2003).

The Court granted the District's Motion to Dismiss to the extent Plaintiff's Complaint includes allegations that were not contained in his EEOC charge. *See* Court's October 24, 2007 Order, p. 9. This Court noted that Plaintiff "cannot base his complaint of discrimination on either the letter of reprimand or his termination, but only on whatever it was that occurred on November 14, 2006 – unless he can allege facts showing that any claim of a subsequent discriminatory action is like or 'reasonably related' to the event on November 14, 2006." *Id.* at 10.

Once again, Plaintiff failed to comply with this Court's order in his AC. Plaintiff continues to claim that he was required to participate "in an act of discrimination" and was sexually harassed. Yet those categories of discrimination are not contained in Plaintiff's EEOC charge and he has not shown that they are "like or reasonably related to" the allegations in his EEOC charge. Further, Plaintiff has made no attempt to show that whatever happened on November 14, 2006 in any way relates to these new claims. Consequently, Plaintiff failed to exhaust his administrative remedies and the new claims should be dismissed.

## IV. CONCLUSION

Based on the foregoing, the District respectfully requests that this Court dismiss with prejudice Plaintiff's AC pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted.

Dated: December 21, 2007

Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Attorneys for Defendant
Kathleen Maylin
Lori J. Regler
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

10.