Kathleen Maylin (State Bar No. 155371)
Lori Regler (State Bar No. 206390)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, CA 94105
Telephone: 415.394.9400
Facsimile: 415.394.9401

Attorneys for Defendant
SAN FRANCISCO UNIFIED SCHOOL DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADAM McDONALD,<br><br>    Plaintiff,<br><br>v.<br><br>SAN FRANCISCO UNIFIED SCHOOL DISTRICT,<br><br>    Defendant. | Case No. C 07 4249 PJH<br><br>**DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**<br><br>**Fed. R. Civ. Proc. 12(b)(6)**<br><br>Date: January 30, 2008<br>Time: 9:00 a.m.<br>Courtroom 3, 17th Floor<br>Judge: Hon. Phyllis Hamilton |

I. **INTRODUCTION**

Despite having been given leave to file his Amended Complaint ("AC"), Plaintiff Adam McDonald ("Plaintiff") failed to comply with the Court's October 24, 2007 Order directing him to allege sufficient facts in support of his claims. His AC continues to fail to state any claim upon which relief can be granted, and to suffer from a host of other defects. Further, his pleading filed in response to the San Francisco Unified School District's ("District") Motion to Dismiss is devoid of any fact or legal argument that can save his defective AC. The Court is respectfully requested to put an end to Plaintiff's waste of the Court's and the District's resources and time and dismiss Plaintiff's AC without leave to amend.

## II. ARGUMENT

### A. Plaintiff's Complaint Must Be Dismissed Because He Continues to Fail to State A Cognizable Claim of Any Title VII Violation Claim

This Court granted the District's Motion to Dismiss Plaintiff's Title VII claims because his initial Complaint failed to state a cause of action. *See* Court's October 24, 2007 Order, p. 7. The Court ordered Plaintiff to "allege sufficient facts to state a claim for relief that is plausible on its face" and, at a minimum, Plaintiff must state: "what the discriminatory action was and when it occurred," and "what race he is and what religion he practices," and clarify "whether he is alleging a claim of sex discrimination or sexual harassment, and must identify the action(s) that constituted the alleged discrimination or harassment." *Id.* at 7-8.

Plaintiff failed to comply with the Court's order. Plaintiff's AC makes a number of factual claims, e.g., "Latina girls used as decoys," "African American males were inflicted," "eerie music played over the loud speaker," and his internet connection was not operating. However, even if true, these claims have no nexus to employment discrimination under Title VII. Nowhere in any of his submissions to the Court does Plaintiff state that he suffered any adverse employment action on the basis of his race, religion, or sex, nor does he identify any action by the District that allegedly constituted discrimination, when it allegedly occurred, or any other details that could be deemed unlawful discrimination.

Further, Plaintiff's AC has not alleged even the bare minimum to put the District on notice as to the nature of his Title VII claims. The District cannot fairly respond to such vague and uncertain claims and thus the Court should dismiss Plaintiff's claims.

### B. Plaintiff Fails To State A Cognizable Claim Of Any Violation And To The Extent He Alleges Non-Statutory Claims, He Failed To Comply With The Tort Claims Act And Thus Is Barred From Bringing Such Claims

This Court granted the District's Motion to Dismiss to the extent Plaintiff is asserting any non-statutory claims because Plaintiff failed to file a claim under the California Tort Claims Act. *See* Court's October 24, 2007 Order, p. 8. The Court also ordered Plaintiff to allege additional facts supporting his claims. *Id.* Plaintiff again failed to comply with the Court's order.

First, Plaintiff failed to plead that he complied with the California Tort Claims Act, and

even admits that he did not comply. *See* November 5, 2007 Declaration of Plaintiff, p. 7. Plaintiff's August 30, 2007 claim is untimely in light of his August 20, 2007 civil action. Consequently, to the extent Plaintiff is trying to allege any non-statutory claims against the District, Plaintiff's claims must be barred. Cal Govt. Code §§905, 910(a), 945.4; *See, e.g., Del Real v. City of Riverside*, 95 Cal.App.4th 761, 767-68, 115 Cal.Rptr.2d 705, 709-710 (Cal. Ct. App. 2002); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1998).

Second, Plaintiff failed to allege sufficient facts to the extent he is claiming non-statutory violations. Plaintiff's AC lists a collection of facts, many of which do not involve District personnel, that occurred after Plaintiff ceased being a District employee, and have no nexus to any cognizable cause of action. These vague and unintelligible allegations have not put the District on notice as to the nature of Plaintiff's claims or what laws allegedly were violated. The District cannot fairly respond to such claims and the Court should dismiss Plaintiff's claims.

### C. To The Extent Plaintiff Alleges Breach Of His Labor Contract, He Failed To Exhaust His Administrative Remedies And Thus Is Barred From Bringing Such Claims

This Court granted the District's Motion to Dismiss, noting that a "plaintiff asserting a claim of breach of contract is required to allege facts showing that the claim meets the required elements – (1) the existence of a contact, (2) performance by the plaintiff or nonperformance, (3) breach by the defendant and (4) damages." *See* Court's October 24, 2007 Order, p. 9. The Court found that in this case, Plaintiff failed to allege any of the elements. *Id.*

Plaintiff fails to allege any of the above elements in his AC, or any other submission to the Court. In any case, to the extent he is alleging breach of any contract, he was required to exhaust all available administrative and contractual remedies to resolve employment disputes before seeking redress in the courts. *Lopez v. Civil Service Commission*, 232 Cal.App.3d 307, 311, 283 Cal.Rptr. 447 (Cal. Ct. App. 1991); *Williams v. Housing Authority of Los Angeles*, 121 Cal.App.4th 708, 713, 17 Cal.Rptr.3d 374, 377 (Cal. Ct. App. 2004); *Palmer v. Regents of Univ. of Calif.* 107 Cal.App.4th 899, 906, 132 Cal.Rptr.2d 567, 573 (Cal. Ct. App. 2003). Hence, any breach of contract claim made by Plaintiff must be barred.

**D.  Plaintiff's Complaint Should Be Dismissed To The Extent Claims Outside Of The EEOC Charge Are Included Because He Failed To Exhaust His Administrative Remedies**

This Court granted the District's Motion to Dismiss to the extent Plaintiff's initial Complaint included allegations that were not contained in his EEOC charge. *See* Court's October 24, 2007 Order, p. 9. The Court noted that Plaintiff "cannot base his complaint . . . on either the letter of reprimand or his termination, but only on whatever it was that occurred on November 14 2006 – unless he can allege facts showing that any claim of a subsequent discriminatory action is like or 'reasonably related' to the event on November 14, 2006." *Id.* at 10.

Once again, Plaintiff failed to address this issue in his AC and has made no attempt to show that whatever happened on November 14, 2006 in any way relates to his claims that he was required to participate "in an act of discrimination" and was sexually harassed. Consequently, Plaintiff failed to exhaust his administrative remedies and the new claims must be dismissed.

### III.  CONCLUSION

This Court's Order granting the District's Motion to Dismiss Plaintiff's Complaint in its entirety pursuant to Rule 12(b)(6) was proper, and Plaintiff thereafter failed to comply with the Order in any way that would save his AC from dismissal. The District respectfully requests that the Court dismiss with prejudice Plaintiff's AC in its entirety pursuant to the Federal Rules of Civil Procedure for failure to state claims upon which relief may be granted.

Dated: January 15, 2008                    Respectfully submitted,

JACKSON LEWIS LLP

By: _____
Attorneys for Defendant
Kathleen Maylin
Lori J. Regler
SAN FRANCISCO UNIFIED
SCHOOL DISTRICT

# PROOF OF SERVICE

Case Name:   Adam McDonald v. San Francisco Unified School District
Case No.:    USDC-ND; C-07-04249 PJH
Matter No.:  115355

I, David T. Casey, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On January 15, 2008, I served the attached **DEFENDANT SAN FRANCISCO UNIFIED SCHOOL DISTRICT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** in this action by placing a true and correct copy thereof, enclosed in a sealed envelope(s) addressed as follows:

> Adam McDonald
> 1728 Ocean Avenue, #285
> San Francisco, Ca  94112

[X]   BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy copy by fax.*]

[ ]   BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ]   BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service.

[ ]   BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 15, 2008, at San Francisco, California.

DAVID T. CASEY