1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                         NORTHERN DISTRICT OF CALIFORNIA
8
9
10
11
12   ADAM MCDONALD,
13              Plaintiff,                          No. C 07-4249 PJH
14        v.                                        **ORDER GRANTING MOTION
                                                    TO DISMISS**
15   SAN FRANCISCO UNIFIED
     SCHOOL DISTRICT
16
17              Defendant.
     _____/
18        Before the court is defendant's motion to dismiss the first amended complaint.
19   Having read the parties' papers and carefully considered their arguments, and good cause
20   appearing, the court hereby GRANTS the motion for the following reasons.
21                                **BACKGROUND**
22        Plaintiff was employed as an art teacher at Abraham Lincoln High School starting in
23   August 2005.  Abraham Lincoln High School is part of defendant San Francisco Unified
24   School District ("SFUSD").
25        A theft occurred in plaintiff's classroom on November 14, 2006, and plaintiff refused
26   to cooperate with the administration in identifying students who may have been in plaintiff's
27   classroom at the time of the theft.  Plaintiff was issued a letter of reprimand by the school
28   on November 15, 2006.  Plaintiff did not return to his employment at the school after

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    November 15, 2006.  On March 1, 2007, plaintiff was advised that he would not be re-hired

2    for the 2007-2008 school year.

3        Plaintiff filed an administrative charge with the EEOC, asserting employment

4    discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e-5, et

5    seq. ("Title VII").  Plaintiff claimed that the alleged discrimination took place on November

6    14, 2006.  His description of the facts was as follows (in its entirety):

7

8        I was employed with Respondent as an Art Teacher since August 2005.  My
         supervisor was Ron Pang [Principal] and Kristen Cacal, Assistant Principal.

9        On November 14, 2006, Cacal asked me to identify students who were not on
         the roster, but, who were in my classroom when a theft was reported.  I
10       refused to provide the names.

11       My last day of work was November 14, 2006.  I did not return to work after
         that incident.

12

13       I believe I have been discriminated against because of my gender, Male, race
         (did not identify) and religion (spiritual), in violation of the Statute.

14       The EEOC issued a right-to-sue letter, and plaintiff filed the present action, alleging

15   discrimination in employment on the basis of race, religion, sex, and "social and economic

16   background."  The original complaint asserted that the discrimination took place from

17   "9/2006 – present."  Plaintiff alleged as "acts complained of"

18       required mandatory participation in an act of discrimination, stolen properties,
         psychological abuse, sexual harassment, violation of personal privacy,
19       withdraw of funds from personal checking, conspiracy, child abuse (in
         process of harassment), violations of the contract in their handling of my
20       reports.

21       Plaintiff also submitted a lengthy document entitled "Facts Surrounding Claim" at the

22   time he filed the complaint.  This voluminous submission does not make clear exactly what

23   acts gave rise to the complaint.

24       SFUSD filed a motion to dismiss.  SFUSD argued that the case was time-barred, as

25   plaintiff had failed to file the complaint within the 90-day limitations period; and also

26   asserted that the complaint failed to state a claim under Title VII; that any state law tort

27   claims that plaintiff intended to assert were barred because plaintiff had not submitted a

28   claim under the California Tort Claims Act; that to the extent that plaintiff intended to allege

2

1    breach of labor contract, he had failed to exhaust his administrative remedies; and that any

2    discrimination claims falling outside the Title VII administrative charge should be dismissed

3    for failure to exhaust administrative remedies.

4         Plaintiff filed no substantive opposition to the motion.  Instead, on October 19, 2007,

5    nine days after the opposition was due, he filed a "motion to outline compensation," in

6    which he asserted his entitlement to $30,000,000 in damages.

7         The court granted the motion to dismiss, with leave to amend.  The 11-page order,

8    which was issued on October 24, 2007, set forth the elements of the claims, provided a

9    statement of the reasons that the complaint was deficient, and advised plaintiff how to

10   amend the complaint in order to state a claim.  The court hereby incorporates the October

11   24, 2007, order by reference.

12        The October 24, 2007, order also directed plaintiff to file a declaration regarding the

13   circumstances under which he received the right-to-sue notice (i.e., when he received it,

14   and where and at what address), and advised SFUSD that it could file a short reply to

15   plaintiff's declaration.

16        On November 6, 2007, plaintiff filed a declaration "in support of plaintiff's opposition

17   to defendant's motion to dismiss."  After SFUSD's reply was filed on November 14, 2007,

18   the court issued an order on November 21, 2007, finding that the action was not time-

19   barred, but reaffirming that the complaint was dismissed on all other grounds argued by

20   SFUSD.  The court ordered plaintiff to file an amended complaint in accordance with the

21   October 24, 2007, order (which stated that the amended complaint was due by December

22   5, 2007).

23        On December 4, 2007, plaintiff filed his 39-page first amended complaint ("FAC"),

24   which appears to incorporate by reference the voluminous document entitled "Facts

25   Supporting Claims."  Plaintiff's main complaint appears to be that he was not treated with

26   respect by SFUSD, and that he was terminated from his position.  Despite the court's

27   explicit instructions in the October 24, 2007, order, the FAC does not mention the alleged

28   discrimination on the basis of race, religion, and sex.

1    The FAC also adds a summary claim that his First, Seventh, and Fourteenth

2  Amendment rights were violated.  He does not, however, clarify which acts by SFUSD

3  allegedly violated his constitutional rights.  Rather, the FAC asserts a lengthy list of

4  "injuries," as follows:

> I was stalked.  I was threatened in my home.  Illegal searches were done in
> my studio.  Police hand-cuffed me and entered my residence without a
> warrent [sic].  Public property and devices were used to intimidate me.  My
> education, world view, and cultural upbringing were insulted.  I was asked to
> participate in a racist, staged "investigation" which contradicted my social and
> ethical principles.  The union failed in thier [sic] protection of one of their
> members.  I was not given the rights and processes of the Contract.  The
> Union decieved [sic] me in thier [sic] assistance.  The Union, the District, and
> Members of Abraham Lincoln assisted each other in decieving [sic] me.  I was
> forced to abandon my position as art teacher at Abraham Lincoln High
> School.  Abraham Lincoln High School hired a replacement teacher prior to
> my leaving – confident in their scheming. I was forced to sell and abandon
> thousands of dollars [sic] personal items and assets.  Personal mail was
> opened.  Time sensitive documents mailed to incorrect addresses.
> Homeless, forced to live out of my car for over eight months.  The halt of
> production of paintings for my contemporary art business.  Rashes,
> teethgrinding, and dysentary [sic] without comfortable facilities.  Personal
> Privacy violated – dug up old associations and family members – People I did
> not want to hear from.  Professional and educational perspective insulted.  (I
> was being treated like I was a slave – who failed to meet the masters [sic]
> command.)  Insubordination is an abusive term.  I was denied communication
> outlets of the internet.  Over a year of silent treatment from Administration at
> Abraham Lincoln High School.  Cut from payroll – extrean [sic] financial
> instability.  Neer [sic] altercation of someone breaking into my car while I was
> sleeping inside.  Psychological changes, the terrors of being stocked [sic],
> confusion "what and why is this happening."  The loss of trust in humanity, not
> know [sic] who is dependable and trustworthy.  Betrayal and exclusion,
> alienation and conspiracy.  Theft of personal funds from checking account –
> fear of further embezelment [sic] and powerlessness to legaly [sic] prevent or
> defend myself from victimization.  Theft of personal and intelectual [sic] property
> (some recently returned).  Used political and finacial [sic] power to prevent me
> from, the rights listed in the Contract, union representation, legal assistance
> agencies, and attornies [sic].  Being homeless I became vulnerable to other
> predatory criminals.  The police force is worthless, and equally abusive.
> Sabatage [sic] of over eight years of schooling and refence [sic] employment
> experience in education.  They tried to murder me, they did not use knives but
> I was tossed into the snow without a blanket.  Loss of life, years of working
> toward particular goals, now shattered.  I will need to rebuild and redefine
> who and what I am.  They destroyed by dream of working in and stablizing
> [sic] my life through the "noble" profession of education.

FAC, pages 32-34.

    Plaintiff also asserts that SFUSD violated various provisions of the contract between

U.E.S.F. (presumably a reference United Educators of San Francisco, AFT/CFT, AFL-CIO-

United States District Court

For the Northern District of California

1  NEA/CTA, the bargaining representative for the teachers in SFUSD).

2         SFUSD now seeks an order dismissing the FAC.

3                                  **DISCUSSION**

4  A.    Legal Standard

5         A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

6  alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

7  Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

8  Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for

9  failure to state a claim, a complaint generally must satisfy only the minimal notice pleading

10 requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the

11 complaint include a "short and plain statement of the claim showing that the pleader is

12 entitled to relief."  Fed. R. Civ. P. 8(a)(2).

13        Specific facts are unnecessary – the statement need only give the defendant "fair

14 notice of the claim and the grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct.

15 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)).

16 All allegations of material fact are taken as true.  Erickson, 127 S.Ct. at 2200.  However, a

17 plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than

18 labels and conclusions, and a formulaic recitation of the elements of a cause of action will

19 not do."  Bell Atlantic, 127 S.Ct. at 1964-65 (citations and quotations omitted).  Rather, the

20 allegations in the complaint "must be enough to raise a right to relief above the speculative

21 level."  Id. at 1965.  A motion to dismiss should be granted if the complaint does not proffer

22 enough facts to state a claim for relief that is plausible on its face.  See id. at 1966-67.

23 B.    Defendant's Motion

24        SFUSD argues that the FAC should be dismissed for reasons similar to the reasons

25 argued with regard to the original complaint (with the exception of the argument that the

26 action was filed more than 90 days after the issuance of the right-to-sue letter).  SFUSD

27 contends that the FAC fails to state a claim under Title VII or any other law; that plaintiff's

28 non-statutory claims, to the extent he states any, are barred because he failed to exhaust

United States District Court

For the Northern District of California

1    administrative remedies; and that plaintiff failed to exhaust his administrative remedies

2    under Title VII, and thus, to the extent he is attempting to allege any claims outside the

3    scope of his administrative charge, such claims are barred.

4        SFUSD makes five arguments in support of its motion.  First, SFUSD argues that the

5    FAC fails to state a claim under Title VII or any other law.  In the original complaint, plaintiff

6    alleged discrimination on the basis of race, religion, sex, and social/economic background.

7    In the order dismissing the complaint, the court ruled that plaintiff must, at a minimum,

8    "state what the discriminatory action was and when it occurred," and in addition, "state . . .

9    what race he is and what religion he practices . . . , whether he is alleging a claim of sex

10   discrimination or sexual harassment, and must identify the action(s) that constituted that

11   alleged discrimination or harassment."  The court further advised plaintiff that

12   "social/economic background" is not a protected category under Title VII, and therefore

13   cannot provide a basis for a claim of discrimination.

14       SFUSD notes that the FAC contains no additional descriptive information about

15   plaintiff's race, although he did assert in the November 6, 2007 declaration that he is "1/16

16   Pacific Island, 3/16 Amerindian, 1/4 Hispanic (Portugues [sic] and Spanish) and the rest

17   English, French, Scotish [sic]."  The only references in the FAC to race are the statements

18   about "Latina girls used as decoys" and an allegation that SFUSD demanded that he

19   "participate in a mandatory, racist, investigation, where African American males were

20   inflicted."

21       SFUSD asserts that plaintiff has failed to plead any facts to support a claim that

22   SFUSD discriminated against him because of his race; that he has failed to state that he

23   suffered any adverse employment action on the basis of his race; and that he has failed to

24   identify any action by SFUSD that allegedly constituted race discrimination, or to state

25   when it allegedly occurred or provide any other details.

26       With regard to the claim for religious discrimination, SFUSD contends that plaintiff

27   has provided no additional facts sufficient to state a claim.  SFUSD notes that plaintiff

28   stated in his November 6, 2007 declaration that he is a "practicing Zen Catholic Yogi, who

**United States District Court**
For the Northern District of California

1   is also a member of the Noetic Society." SFSUD contends that beyond this statement, the

2   declaration and the FAC fail to address the claim for religious discrimination.

3          SFUSD asserts that as with the claim of racial discrimination, plaintiff has not set

4   forth any facts alleging that he was subject to any adverse employment action by the

5   school district on the basis of his asserted religion, and fails to identify any action by the

6   school district that constituted discrimination on the basis of religion, or to state when it

7   occurred or provide any other details.

8          With regard to the claim for sex discrimination, SFUSD contends that plaintiff –

9   despite the court's order – has failed to clarify whether he is claiming sexual harassment or

10  discrimination. SFUSD asserts that plaintiff has provided no additional facts in the FAC

11  indicating that he suffered an adverse employment action on the basis of his gender, and

12  does not identify any discriminatory acts, or indicate when they occurred or provide any

13  other details.

14         SFUSD argues that the FAC and plaintiff's numerous other submissions, even taken

15  together, fail to put SFUSD on notice as to the nature of the claims being asserted against

16  it. SFUSD contends that plaintiff fails to allege on what bases he was discriminated

17  against, when the alleged discrimination took place, where it took place, or any other

18  details of what allegedly happened. SFUSD asserts that plaintiff's vague and unintelligible

19  assertions have no nexus with conduct prohibited by Title VII, and are ambiguous at best

20  as to how the statements connect to a cognizable Title VII claim.

21         SFUSD's second argument is that the FAC fails to state a claim as to the non-Title

22  VII claims. SFUSD asserts that plaintiff is equally vague in terms of what other laws were

23  allegedly violated, who committed the alleged violations, and what exactly plaintiff is

24  complaining of. For example, SFUSD notes that plaintiff alleges in the FAC that someone

25  else entered student grades for his classes, that "eerie music was played over the loud

26  speaker into [his] classroom, that the Lincoln High School principal greeted plaintiff with a

27  "nervous 'good morning'" although it was afternoon; that Latina girls were "used as decoys,"

28  and that his Internet connection was not operating in his classroom (citing FAC pages 3-5).

1 SFUSD asserts that none of these claims are related to any recognized claim against the

2 district.

3       SFUSD also notes that the FAC mentions that plaintiff was "stalked," "threatened,"

4 and subjected to "illegal searches;" that "public property and devices were used to

5 intimidate" him; that the police entered his residence without a warrant; that his "education,

6 world view, and cultural upbringing were insulted;" that "the union failed in their protection

7 of one of their members" and deceived him; that he was "forced to sell and abandon

8 thousands of dollars personal items and assets" [sic]; that his personal mail was opened;

9 and that he was forced to live out of his car for eight months.  SFUSD contends, however,

10 that plaintiff does not allege who did these things to him, or when they did these things to

11 him – let alone allege that anyone employed by the school district committed the acts.

12       Again, SFUSD argues, plaintiff has failed to allege facts sufficient to put the school

13 district on notice of the nature of the claims being asserted against it.  In addition, the

14 allegations fail to even suggest a cognizable claim against SFUSD.

15       SFUSD's third argument is that to the extent that plaintiff is intending to allege a

16 claim of breach of labor contract, he has failed to allege facts supporting the elements of

17 the claim (as explained in the October 24, 2007, order) – the existence of a contract,

18 performance by plaintiff, breach by SFUSD, and damages.  In addition, SFUSD asserts, in

19 the context of public employment or a collective bargaining agreement, employees may

20 have to exhaust administrative remedies before filing suit.  SFUSD argues that plaintiff has

21 not only failed to clarify his claim – it appears that he is alleging that his contract with the

22 SFUSD was somehow violated – but has failed to allege that he utilized the administrative

23 remedies set forth in the contract, and also fails to plead any of the elements of breach of

24 contract.

25       In its fourth argument, SFUSD asserts that plaintiff failed to comply with the

26 California Tort Claims Act.  See Cal. Gov't Code §§ 905, 910(a), 945.4.  SFUSD argues

27 that because plaintiff failed to file a timely claim with the school district, the claims must be

28 dismissed.

United States District Court

For the Northern District of California

1        Finally, in its fifth argument, SFUSD contends that the FAC alleges claims that do

2   not fall within the scope of the EEOC charge. SFUSD notes that in the October 24, 2007,

3   order, the court recognized that the claim that plaintiff was required to participate "in an act

4   of discrimination" and the claim that he was sexually harassed are not contained in the

5   EEOC charge. SFUSD argues that because these claims are not "like or reasonably

6   related to" the allegations in the EEOC charge, they must be dismissed. In particular,

7   SFUSD contends, plaintiff has made no attempt to show that whatever happened on

8   November 14, 2006, in any way relates to these new claims. Consequently, SFUSD

9   argues, they should be dismissed.

10        In opposition, plaintiff does not address any of SFUSD's arguments. Instead, he

11   asserts that he has adequately stated a claim under Rule 8, that the FAC lists "specific

12   events, names, and dates," and "included an outline of the constitutional rights violated."

13   Indeed, he appears to have dropped the Title VII claims, as he refers in his opposition to

14   SFUSD as having "intentionally violated the plaintiff's constitutional rights," not to any act of

15   discrimination in employment.

16        Moreover, it is impossible to determine from plaintiff's opposition or the FAC which

17   claims he is asserting against SFUSD. For example, he contends that the police entered

18   his home without a warrant, that the union failed to represent him, that someone opened

19   his mail, that someone mailed "time-sensitive documents" to incorrect addresses, and that

20   someone attempted to break into his car while he was sleeping in it. None of these actions

21   appear to provide any basis for a claim against SFUSD. Thus, aside from the other

22   deficiencies described above, the court finds that the FAC fails to put SFUSD on notice of

23   the claims being asserted against it.

24        The court finds that the motion must be GRANTED, for the reasons argued by

25   SFUSD. The FAC does not set out plaintiff's individual claims, much less provide the

26   necessary allegations of facts supporting the elements of the specific claims. Nor does the

27   FAC attempt to remedy the other deficiencies noted by the court with regard to the original

28   complaint. To the extent that plaintiff alleges discrimination in violation of Title VII, the FAC

United States District Court

For the Northern District of California

1    fails to state a claim for the reasons stated in the October 24, 2007, order.  In addition,

2    plaintiff failed to exhaust administrative remedies as to Title VII claims that are outside the

3    scope of the EEOC charge.  To the extent that plaintiff alleges any non-Title VII claims

4    against SFUSD, the FAC fails to allege what the claims are, who committed the alleged

5    violations, and what facts support the elements of any such claims, and also fails to allege

6    that plaintiff exhausted administrative remedies as to any tort claims.  To the extent that

7    plaintiff alleges a claim of breach of labor contract, the FAC fails to allege facts supporting

8    the elements of such a claim, and fails to allege that plaintiff exhausted administrative

9    remedies.

10        As for the allegations of constitutional violations, those claims must also be

11    dismissed.  With few exceptions not relevant here, a plaintiff has no cause of action directly

12    under the United States Constitution.  "[A] litigant complaining of a violation of a

13    constitutional right must utilize 42 U.S.C. § 1983."  Azul-Pacifico, Inc. v. City of Los

14    Angeles, 973 F.2d 704, 705 (9th Cir. 1992) (citation and quotation omitted).

15        Section 1983 "provides a cause of action for the 'deprivation of any rights,

16    privileges, or immunities secured by the Constitution and laws' of the United States."

17    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

18    Section 1983 is not itself a source of substantive rights, but merely provides a method for

19    vindicating federal rights elsewhere conferred.  Graham v. Connor, 490 U.S. 386, 393-94

20    (1989).  To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

21    that a right secured by the Constitution or laws of the United States was violated and (2)

22    that the alleged violation was committed by a person acting under the color of state law.

23    West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda County, 811 F.2d 1243, 1245

24    (9th Cir. 1987).

25        Nevertheless, § 1983 does not provide an actionable claim for every injury in which

26    a governmental entity may have played some role.  The Eleventh Amendment to the United

27    States Constitution precludes suits against a state, unless the state has waived its

28    immunity or Congress has exercised its power to override that immunity.  See Will v.

**United States District Court**
For the Northern District of California

1  Michigan Dep't of State Police, 491 U.S. 58, 65-71 (1989).  The Eleventh Amendment does

2  not bar suits against cities and counties, which are not arms of the State, or their officials.

3  Mt. Healthy City School Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977).  In this case,

4  however, SFUSD cannot be sued under § 1983 because it is an arm of the State under the

5  Eleventh Amendment, and is therefore not a "person" within the meaning of

6  § 1983.  See Belanger v. Madera Unified School Dist., 963 F.2d 248, 254 (9th Cir. 1992);

7  Kirchmann v. Lake Elsinore Unified Sch. Dist., 83 Cal. App. 4th 1098, 1105-15 (2000); see

8  also Will, 491 U.S. at 65-69.

### CONCLUSION

10      In accordance with the foregoing, the court hereby GRANTS the motion.  Because

11  plaintiff failed to amend the complaint in accordance with the court's prior instructions, the

12  court finds that further leave to amend would be futile.  Thus, the dismissal is WITH

13  PREJUDICE.

14      The hearing on the motion, previously set for Wednesday, January 30, 2008, is

15  VACATED.[1]

16

17  **IT IS SO ORDERED.**

18  Dated:  January 23, 2008

19                                                          _____

20                                                          PHYLLIS J. HAMILTON
                                                            United States District Judge

21

22

23

24

25

26      [1]  The court finds the motion to be appropriate for decision without oral argument.  See

27  Civil L.R. 7-1(b); see also Partridge v. Reich, 141 F.3d 920, 926 (9th Cir.1998); Lake at Las
    Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991)

28  (court's consideration of moving and opposition papers is deemed adequate substitute for
    formal hearing).